## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Brenda Kay Pfeiffer, *21127 Olinda Trial, N Scandia, MN 55073-9* )

On behalf of herself and all others similarly situated,

*Plaintiff,*

v.

Margaret Spellings, in her official capacity as
United States Secretary of Education, the United
States Department of Education, and the United
States of America, *400 Maryland Ave, SW, 7w30L Washington, DC 20202*
*Defendants.*

)
)
)
)
)
)
)
)
)

Case: 1:07-cv-00522
Assigned To : Sullivan, Emmet G.
Assign. Date : 3/19/2007
Description: PFEIFFER v. SPELLINGS

CLASS ACTION

## COMPLAINT

Plaintiff Brenda Kay Pfeiffer, for her Complaint against defendants Margaret
Spellings, the United States Department of Education, and the United States of America,
alleges and states as follows:

### Introduction

1.    This case arises out of defendants' systematic practice of capitalizing
interest that accrues on consolidated student loans between the borrower's June payment
date and June 30th, even though such interest is not due until the borrower's July payment
date.   Defendants' interest capitalization practice is contrary to the governing loan
documents and, as a result, more than three million consolidated student loan borrowers
with aggregate debt obligations in excess of $72 billion have been charged and/or have
paid amounts in excess of their repayment obligations.  Plaintiff, on behalf of herself and
all others similarly situated, seeks to collect these overpayments made on consolidated

student loans and/or reverse the improper interest capitalization charges, and to end defendants' improper practices.

## Parties

2.      Plaintiff Brenda Kay Pfeiffer ("Dr. Pfeiffer" or "Plaintiff") is a United States citizen and resident of the State of Minnesota.  She brings this action on behalf of herself and all others similarly situated.

3.      Defendant Margaret Spellings is the United States Secretary of Education and is vested with statutory authority to sue and be sued on behalf of the United States Department of Education pursuant to 20 U.S.C. § 1082(a)(2).

4.      Defendant United States Department of Education ("Department of Education" or "Department") is a department of the United States Government.

5.      Defendant United States of America ("United States") is a sovereign nation.

## Jurisdiction

6.      As this action seeks money damages against the United States for breach of contract in an amount not exceeding $10,000 for each class member, including Plaintiff, jurisdiction and venue are proper in this Court pursuant to the Tucker Act, 28 U.S.C. § 1346.

## Facts

7.      On or about November 1994, Dr. Pfeiffer graduated from chiropractic school with multiple Stafford, SLS and Perkins loans from the Department of Education. Soon thereafter, she began her professional career as a licensed chiropractor.  Prior to

2018444

becoming a chiropractor, Dr. Pfeiffer taught mathematics at Roscoe (South Dakota) Junior

High and High School and Johnson County (Kansas) Community College.

8.      On or about January 4, 1997, Dr. Pfeiffer submitted an application to the

Department of Education to consolidate her student loans under the William D. Ford

Federal Direct Loan Program (the "Program").

9.      On or about July 15, 1997, Dr. Pfeiffer executed a form Federal Direct

Consolidation Loan Promissory Note in favor of the Department of Education.   The note

provided for a variable rate of interest.   It further states:

> **Interest**
> Except for interest [the Department of Education] does not charge me during
> an in-school, grace or deferment period, I agree to pay interest on the
> principal amount of my Direct Consolidation Loan from the date of
> disbursement until the loan is paid in full or discharged.  [The Department of
> Education] may add interest that accrues but is not paid when due to the
> unpaid principal balance of this loan, as provided under the [Higher
> Education Act of 1965, as amended, 20 U.S.C. 1070 *et seq.*, and applicable
> Department of Education regulations].   This is called capitalization.

(Emphasis added).

10.     In or about August, 1997, the Department of Education approved Dr.

Pfeiffer's loan consolidation application including her selection of the Income Contingent

Repayment Plan ("ICRP").   The Department of Education informed Dr. Pfeiffer that her

loan payments on the note were due on the 21st day of each month beginning on September

21, 1997.

11.     On or about June 30, 1998, the Department of Education sent notice to Dr.

Pfeiffer that it had added to the principal of her loan interest in the amount of $2,990.18, in

other words, it capitalized $2,990.18 of interest.   The interest capitalization included (a) an

amount for interest that had accrued but was not paid when due pursuant to the ICRP, and

3

(b) upon information and belief, an amount for interest that had accrued after her June payment date but was not yet due until her July payment date.

12.     On or about June 30, 1999, the Department of Education sent notice to Dr. Pfeiffer that it had capitalized interest in the amount of $6,721.76, thereby increasing her principal loan balance by that amount.  The interest capitalization included (a) an amount for interest that had accrued but was not paid when due pursuant to the ICRP, and (b) upon information and belief, an amount for interest that had accrued after her June payment date but was not yet due until her July payment date.

13.     Upon information and belief, because the amount of interest capitalized on June 30, 1998 and June 30, 1999 equaled or exceeded 10% of Dr. Pfeiffer's original principal loan balance, the Department of Education did not capitalize interest in 2000 or 2001.

14.     On or about November 13, 2001, Dr. Pfeiffer sought to take advantage of the drop in interest rates by exercising her right to "lock in" a fixed rate of interest under the terms of the Program, including the ICRP.  In connection with obtaining a fixed rate loan, Dr. Pfeiffer executed a new form Federal Direct Consolidation Loan Promissory Note.  The note provided for a fixed rate of interest at 6.875%.  Like the original note, the new note also recites:

> **Interest**
> Except for interest [the Department of Education] does not charge me during an in-school, grace or deferment period, I agree to pay interest on the principal amount of my Direct Consolidation Loan from the date of disbursement until the loan is paid in full or discharged. [The Department of Education] may add interest that accrues but is not paid when due to the unpaid principal balance of this loan, as provided under the [Higher Education Act of 1965, as amended, 20 U.S.C. 1070 *et seq.*, and applicable Department of Education regulations].  This is called capitalization.

2018444

(Emphasis added).

15.     The Department of Education informed Dr. Pfeiffer that her loan payments on the new note were due on the 21st day of each month beginning on January 21, 2002.

16.     At all relevant times since November 2001, Dr. Pfeiffer's monthly loan payments have been timely and equal to or greater than the interest accrued in the previous month as estimated by the Department of Education.

17.     On or about June 30, 2002, the Department of Education sent notice to Dr. Pfeiffer that it had capitalized interest in the amount of $368.76, thereby increasing her principal loan balance by that amount. That interest capitalization was wholly attributable to interest that accrued between her June payment and June 30, 2002, even though that interest was not yet due until her July payment date.

18.     In late 2002, Dr. Pfeiffer complained to the Department of Education that the June 30, 2002 interest capitalization was improper.

19.     The Department of Education did not add an interest capitalization charge to Dr. Pfeiffer's principal loan balance in 2003.

20.     On or about June 30, 2004, the Department of Education sent notice to Dr. Pfeiffer that it had capitalized interest in the amount of $207.56, thereby increasing her principal loan balance by that amount. That interest capitalization was wholly attributable to interest that accrued between her June payment and June 30, 2004, even though that interest was not yet due until her July payment date.

21.     On several occasions after June 30, 2004, Dr. Pfeiffer contacted the Department of Education to reverse the interest capitalizations identified above, to no avail.

2018444

Several Department of Education personnel advised Dr. Pfeiffer that the interest capitalization entries should not have been posted to her account, but that the Department of Education's computer is programmed to capitalize accrued interest as of June 30 of each calendar year, even if the interest is not due on that date.

22.     On or about June 30, 2005, the Department of Education sent notice to Dr. Pfeiffer that it had capitalized interest in the amount of $440.95, thereby increasing her principal loan balance by that amount.  That interest capitalization was wholly attributable to interest that accrued between her June payment and June 30, 2005, even though that interest was not yet due until her July payment date.

23.     Beginning in October 2005 and continuing through approximately February 2006, Dr. Pfeiffer contacted the Department of Education repeatedly to complain that the June 30, 2005 interest capitalization was improper.  In or about December 2005, a supervisor in the Department of Education's Direct Loan Servicing Center admitted that the June 30, 2005 interest capitalization was improper.  The supervisor stated that she could not reverse the improper interest capitalization entries posted to her account in previous years; however, she would ensure that no additional interest would be capitalized for 2006.

24.     The Department of Education did not capitalize interest for Dr. Pfeiffer's principal loan balance in 2006.

25.     The Department of Education has no right, contractual or otherwise, to add interest to Dr. Pfeiffer's principal loan balance based on interest that accrues between her June payment date and June 30, because such interest is not due until her July payment date.

2018444

26.     As a result of the Department of Education's interest capitalization practices, Dr. Pfeiffer has suffered damages in that she has been charged and/or has made interest and principal payments in excess of the amounts she contracted for in the underlying notes.

27.     More than three million individuals have, like Dr. Pfeiffer, executed Federal Direct Consolidation Loan Promissory Notes in favor of the Department of Education that contain the same or substantially the same provisions with respect to interest capitalization and have been subjected to the same unlawful interest capitalization practices.

<u>**Class Action Allegations**</u>

28.     Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to maintain this action as a class action and to represent a class consisting of:

> All individuals who have been obligated to repay money to the United States Department of Education at any time since March 19, 2001 pursuant to a Federal Direct Consolidation Loan Promissory Note.

Plaintiff reserves the right to narrow or expand the class definition following the discovery period.

29.     *Prerequisites to a Class Action – Fed. R. Civ. P. 23(a).* The prerequisites to maintaining this action as a class action are satisfied in this case as alleged in Paragraphs 30 through 33, below.

30.     *Numerosity.* The number of individuals in the class is estimated to exceed three million. It would be impracticable, if not impossible, to bring all, or even a substantial percentage of such persons before the Court as individual plaintiffs through traditional joinder.

31.     *Commonality.* There are questions of law and fact common to the class. The overarching question of law and fact that is common to all members of the class is

7

whether the United States, through the Department of Education, has engaged in a systemic and unlawful practice of capitalizing interest that accrues on student loans between a borrower's June payment date and June 30, in contravention of the governing loan instrument. This overarching common issue of law and fact includes numerous sub-issues of law and fact that are also common to all members of the class. These sub-issues include, but are not limited to, the following:

- Have defendants maintained a practice of capitalizing interest that accrues on student loans between a borrower's June payment date and June 30 even though such interest is not due under the borrower's loan instrument until the borrower's July payment date?

- Do defendants' interest capitalization practices constitute a breach of the borrower's loan instrument?

- Have the borrowers been damaged by defendants' interest capitalization practices?

- Are the borrowers entitled to an injunction restraining defendants from continuing to capitalize interest that accrues on student loans between the borrower's June payment date and June 30?

- Are the borrowers entitled to a declaration that it is improper for the defendants to capitalize interest in the manner set forth above?

32.   *Typicality.*  Plaintiff's claim is typical of the claims of all class members because: (a) her loan instrument is the same or substantially the same as those executed by other class members; (b) she was subjected to the same interest capitalization practices as other class members; and, (c) her claim is based on the same legal theory or theories as other class members.

33.   *Adequacy of Representation.*  Plaintiff is an adequate representative of the class because: (1) she is willing and able to represent the class and has every incentive to pursue this action to a successful conclusion; (2) her interests are not in any way

antagonistic to those of the other class members; and (3) she is represented by counsel experienced in litigating complex class actions in federal court.

34.    *Class Actions Maintainable – Fed. R. Civ. P. 23(b(2)).* Class action status is appropriate in this case because the United States has acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

35.    *Class Actions Maintainable – Fed. R. Civ. P. 23(b)(3).* Class action status is also appropriate because the common questions of law and fact identified above predominate over questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Because of the relatively small monetary value of each class member's individual claim, few, if any, class members have an interest in individually controlling the prosecution of separate actions. To the knowledge of Plaintiff and her counsel, no class member has heretofore commenced litigation against the United States based on the Department of Education's unlawful interest capitalization practices. It is desirable to concentrate the litigation of the claims in this District. Plaintiff and her counsel do not anticipate encountering any unique difficulties in the management of this action as a class action.

## COUNT I
## BREACH OF CONTRACT

36.    Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 35 of this Complaint as though set forth here in full.

9

2018444

37.    Plaintiff and all others similarly situated entered into binding contracts with defendants when they executed their respective Federal Direct Consolidation Loan Promissory Notes.

38.    The Federal Direct Consolidation Loan Promissory Notes provide that interest may be capitalized on a student loan only to the extent that it has accrued but was not paid when due.

39.    Defendants breached the terms of the Federal Direct Consolidation Loan Promissory Notes executed by Plaintiff and all others similarly situated by capitalizing interest that had accrued but was not yet due at the time of capitalization.

40.    Plaintiff and all others similarly situated have been damaged by defendants' breach of the terms of the Federal Direct Consolidation Loan Promissory Notes in respective amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.    That this case be maintained as a class action on behalf of the proposed class; that Plaintiff be designated as a representative of the class, and that her counsel of record be designated as Class Counsel.

2.    That the defendants' interest capitalization practices, as described herein, be determined and adjudged to be in violation of the rights of the Plaintiff and the members of the class.

3.    That a permanent prohibitory injunction be issued prohibiting defendants from engaging in the interest capitalization practices complained of herein.

2018444

4.      That a permanent mandatory injunction be issued requiring that defendants adopt interest capitalization practices in accord with the governing loan documents.

5.      That this Court issue a declaration that the interest capitalization practices complained of herein are in breach of the form Federal Direct Consolidation Loan Promissory Note.

6.      That judgment be entered in favor of Plaintiff and the members of the class set forth herein, and against defendants, for all amounts owed to Plaintiff and the members of the class.

7.      That the Plaintiff and members of the class be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

8.      That the Plaintiff and members of the class be awarded their costs and expenses incurred in this litigation, including reasonable attorneys' fees.

9.      That the Court retain jurisdiction over defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law.

This 19th day of March, 2007.

Respectfully submitted,

Steven M. Sprenger (DC No. 418736)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W.
Suite 500
Washington, DC 20005
(202) 265-8010
(202)332-6652 Fax

2018444

Dan Bryden (MN No.302284)*
SPRENGER & LANG, PLLC
310 Fourth Avenue S.
Suite 600
Minneapolis, MN 55403
(612) 871-8910

Lawrence P. Schaefer (MN Atty # 195583)*
Law Office of Lawrence P. Schaefer
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
(612) 339-4295

Richard J. Fuller (MN Atty # 32669)*
Richard J. Fuller, Attorney at Law
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
(612) 339-4295

*ATTORNEYS FOR PLAINTIFF*
*AND THE CLASS*

\*        *Pro Hac Vice* Applications to be filed

2018444