IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| BRENDA KAY PFEIFFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:07-cv-00522 |
| | )   (Judge Sullivan) |
| MARGARET SPELLINGS, Secretary of Education, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

_____ )

DEFENDANTS' ANSWER

For their answer to the complaint, defendants admit, deny, and allege as follows:[*]

Introduction

1.      The allegations contained in the first sentence of paragraph 1 constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.  The allegations contained in the second sentence of paragraph 1 constitute conclusions of law, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the third sentence of paragraph 1 constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

_____

[*]      The complaint contains headings to various sections, and the headings are repeated in this answer solely to conform the structure of the answer to the complaint. Defendants do not believe a response to the headings is necessary, but should the Court conclude that a response to the headings is required, defendants respond that the headings constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

<u>Parties</u>

2.      Denies the allegations contained in the first sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations contained in the second sentence of paragraph 2 constitute conclusions of law, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

3.      Admits the allegations contained in paragraph 3 that Defendant Margaret Spellings is the United States Secretary of Education; otherwise states that the allegations contained in paragraph 3 constitute conclusions of law, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

4.      Admits.

5.      Admits.

<u>Jurisdiction</u>

6.      The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

<u>Facts</u>

7.      Denies the allegations contained in the first, second, and third sentences of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8.      Admits.

9.      Admits the first sentence of paragraph 9.  Admits the allegations contained in the second and third sentences of paragraph 9 to the extent supported by the note cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 9.

10.      Admits the first and second sentences of paragraph 10.

11.      Denies the dollar amount ($2,990.18) but admits that the dollar amount is $2,913.09; otherwise admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11. The allegations "but was not yet due until her July payment date" contained in the second sentence of paragraph 11 constitute conclusions of law to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied; otherwise, admits the allegations contained in the second sentence of paragraph 11.

12.      Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 12. The allegations "but was not yet due until her July payment date" contained in the second sentence of paragraph 12 constitute conclusions of law to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied; otherwise, admits the allegations contained in the second sentence of paragraph 12.

13.      Admits.

14.      Denies the allegations contained in the first sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second, third, and fourth sentences of paragraph 14 to the extent supported by the note cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second, third, and fourth sentences of paragraph 14.

15.     Admits.

16.     Admits.

17.     Admits the allegations contained in the first sentence of paragraph 17 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 17.  The allegations "even though that interest was not yet due until her July payment date" contained in the second sentence of paragraph 17 constitute conclusions of law to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied; otherwise, admits the allegations contained in the second sentence of paragraph 17.

18.     Admits that on or about December 12, 2002, plaintiff contacted the Department of Education; otherwise denies the allegations contained in paragraph 18.

19.     Admits.

20.     Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 20.  The allegations "even though that interest was not yet due until her July payment date" contained in the second sentence of paragraph 20 constitute conclusions of law to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied; otherwise, admits the allegations contained in the second sentence of paragraph 20.

21.     Admits the first sentence of paragraph 21.  Denies the second sentence of paragraph 21.

22.     Denies the dollar amount ($440.95) but admits that the dollar amount is $440.96;

-4-

otherwise admits the allegations contained in the first sentence of paragraph 22 to the extent

supported by the notice cited, which is the best evidence of its contents; otherwise denies the

allegations contained in the first sentence of paragraph 22. The allegations "even though that

interest was not yet due until her July payment date" contained in the second sentence of

paragraph 22 constitute conclusions of law to which no answer is required, and to the extent they

may be deemed allegations of fact, they are denied; otherwise, admits the allegations contained in

the second sentence of paragraph 22.

23.     Admits that plaintiff contacted the Department of Education in 2005; otherwise

denies the allegations contained in the first sentence of paragraph 23. Denies the allegations

contained in the second and third sentences of paragraph 23.

24.     Admits

25.     The allegations contained in paragraph 25 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26.     Denies.

27.     Denies.

<u>Class Action Allegations</u>

28.     The allegations contained in the first and second sentences of paragraph 28

constitute conclusions of law and plaintiff's characterization of the case, to which no answer is

required, and to the extent they may be deemed allegations of fact, they are denied.

29.     The allegations contained in paragraph 29[**] constitute conclusions of law, to

---

[**]     Paragraph 29 begins with italicized words ("Prerequisites to a Class Action – Fed.
R. Civ. P. 23(a)"), followed by a sentence. This pattern is repeated in paragraphs 30-35, i.e.,
"Numerosity," "Commonality," "Typicality," "Adequacy of Representation," "Class Actions

which no answer is required, and to the extent they may be deemed allegations of fact, they are
denied.

30.    Denies the first sentence of paragraph 30.  The allegations contained in the second
sentence of paragraph 30 constitute conclusions of law, to which no answer is required, and to
the extent they may be deemed allegations of fact, they are denied.

31.    The allegations contained in each sentence and the "bulleted sub-issues" in
paragraph 31 constitute conclusions of law and plaintiff's characterization of the case, to which
no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

32.    The allegations contained in paragraph 32  constitute conclusions of law and
plaintiff's characterization of the case, to which no answer is required, and to the extent they may
be deemed allegations of fact, they are denied.

33.    The allegations contained in paragraph 33  constitute conclusions of law and
plaintiff's characterization of the case, to which no answer is required, and to the extent they may
be deemed allegations of fact, they are denied.

34.    The allegations contained in paragraph 34  constitute conclusions of law and
plaintiff's characterization of the case, to which no answer is required, and to the extent they may
be deemed allegations of fact, they are denied.

35.    The allegations contained in each sentence in paragraph 35 constitute conclusions

-------

Maintainable – Fed. R. Civ. P. 23(b)(2)," and "Class Actions Maintainable – Fed. R. Civ. P.
23(b)(3)."  The italicized words in paragraphs 29-35 do not set forth allegations, and defendants
do not believe a response to the italicized words is required.  Should the Court conclude that a
response to the italicized words is required, defendants respond that the italicized words
constitute conclusions of law and plaintiff's characterization of the case, to which no answer is
required, and to the extent they may be deemed allegations of fact, they are denied.

of law and plaintiff's characterization of the case, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

## COUNT I
## BREACH OF CONTRACT

36.    Defendant restates and incorporates by reference its previous responses to paragraphs 1-35 as though set forth fully herein.

37.    The allegations contained in paragraph 37 constitute conclusions of law, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

38.    The allegations contained in paragraph 38 constitute conclusions of law, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

39.    The allegations contained in paragraph 39 constitute conclusions of law, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

40.    The allegations contained in paragraph 40 constitute conclusions of law, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

## PRAYER FOR RELIEF

41.    Denies that plaintiff is entitled to the relief requested in her "Prayer for Relief" set forth immediately following paragraph 40, including subparagraphs 1-9 inclusive contained within the Prayer for Relief, or to any relief whatsoever.

42.    Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendants respectfully request the Court to enter judgment in favor of

defendants, to dismiss the complaint, and to grant defendants such other and further relief as the

Court may deem just and proper.

                            Respectfully submitted,

                            PETER D. KEISLER
                            Assistant Attorney General

                            J. CHRISTOPHER KOHN
                            Director

                            ROBERT E. KIRSCHMAN, JR.
                            Deputy Director


                            /s/ John Warshawsky
                            _____
                            JOHN WARSHAWSKY (D.C. Bar No. 417170)
                            Senior Trial Counsel
                            Commercial Litigation Branch
                            Civil Division
                            P.O. Box 875
                            Ben Franklin Station
                            Washington, D.C. 20044-0875
                            Telephone: (202) 307-0010
                            Facsimile: (202) 514-9163

May 30, 2007