**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                           )
BRENDA KAY PFEIFFER,       )
                           )
              Plaintiff,   )
                           )
         v.                )  Civil Action No. 07-522 (EGS)
                           )
MARGARET SPELLINGS, et al.,)
                           )
              Defendants.  )
_____)
```

**ORDER**

The above captioned case has been assigned to Judge Emmet G. Sullivan for resolution.  Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule ("LCvR") 16.3, it is hereby

**ORDERED** that counsel shall confer in accordance with LCvR 16.3 and Federal Rule of Civil Procedure 26(f) by no later than **JUNE 22, 2007**; and it is

**FURTHER ORDERED** that counsel shall submit their report addressing all topics in LCvR 16.3(c) by no later than **JUNE 29, 2007**.  The parties are further directed to include in their report a brief statement of the case and the statutory basis for all causes of action and defenses.

Counsel are required to comply with LCvR 16.3 and, in particular, LCvR 16.3(c)(5), attached hereto as Appendix I.  In considering what form of alternative dispute resolution the

1

parties think the case most suited to, counsel are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that can be tailored to the needs of their case.

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties. Motions for a continuance or other scheduling change must be filed three business days prior to the hearing and must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter. Inquiries concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Carol Votteler (202-354-3152), or if she is unavailable to the staff person in the Clerk's Office designated as her substitute, and not to chambers. Chambers personnel will not handle questions relating to the status or scheduling of pending matters. In an emergency, however, chambers can be reached at 202-354-3260.

**SO ORDERED.**

**Signed:    EMMET G. SULLIVAN**
**UNITED STATES DISTRICT JUDGE**
**May 31, 2007**

2

**APPENDIX I**

**RULE 16.3**
**DUTY TO CONFER**


(c)  **MATTERS TO BE DISCUSSED BY THE PARTIES.**

At the conference required by this Rule, the parties shall discuss the following matters:

* * *

(5)  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other for of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:

(i)  the client's goals in bringing or defending the litigation;

(ii)  where settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii)  the point during the litigation when ADR would be most appropriate, with special consideration given to;

(aa)  whether ADR should take place after the informal exchange or production through discovery or specific items of information; and

(bb)  whether ADR should take place before or after the judicial resolution of key legal issues;

(iv)  whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, and assessment of damages and/or the potential settlement value of the case; and

3

    (v)   whether cost savings or any other
practical advantage would flow from a
stay of discovery or of other pre-trial
proceedings while ADR process is
pending.