IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brenda Kay Pfeiffer,<br><br>                      *Plaintiff,*<br>     vs.<br><br>Margaret Spellings, in her official capacity as United States Secretary of Education, the United States Department of Education, and the United States of America,<br><br>                      *Defendants.* | Court File No. 01:07-cv-00522<br>[Judge Sullivan]<br><br>**MEET AND CONFER REPORT**<br>**OF THE PARTIES** |

Pursuant to the Court's May 31, 2007 Order (Dkt. No. 12), as amended by Minute Order (May 31, 2007), the parties report to the Court, as follows:

On June 27, 2007, counsel for the parties met and conferred pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3. Steven M. Sprenger appeared for plaintiff; John Warshawsky appeared for defendants. Ronald B. Sann and S. Dawn Scaniffe, attorneys with the U.S. Department of Education, and Brian Pingree, a law clerk with Sprenger & Lang, PLLC, also were in attendance.

1.     Contentions of the Parties

Plaintiff contends that defendants improperly capitalized interest on her direct consolidated student loan in violation of the terms of the underlying promissory note and, as a result, she has suffered and will continue to suffer financial injury. Plaintiff's student loan payments are due on the 21st of each month. Plaintiff has made all scheduled loan payments in a timely manner, and at all relevant times her payments have exceeded the amount of accrued interest that was due to be paid as of her June 21st payment date. Nevertheless, defendants unlawfully capitalized interest that accrued on her loan between her June payment date and June 30th (i.e., interest that was not due to be paid until July 21st), thus increasing her principal loan

balance and causing her to pay "interest on interest." Plaintiff seeks to assert her breach of contract claim on behalf of a class of similarly situated student loan borrowers, and demands injunctive, declaratory and monetary relief.

Defendants deny that the capitalization of interest on plaintiff's loans was unlawful. At her election, plaintiff chose to take out student loans to be repaid pursuant to the "Income Contingent Repayment Plan" ("ICRP"). In accordance with the ICRP, a borrower receives an annual determination regarding scheduled payment amounts, and in some instances, including circumstances pertaining to plaintiff's student loans, the scheduled payment amount is insufficient to cover interest that accrues on the principal amount of the loan. In accordance with the governing student loan documents, the promissory note, and applicable statutes and regulations (which are specifically referenced in the promissory note), the borrower recognizes that the U.S. Department of Education may add unpaid accrued interest to the borrower's unpaid principal balance. Further, the borrower recognizes that pursuant to the ICRP, the Secretary of Education annually capitalizes unpaid interest when the borrower's scheduled payments do not cover the interest that has accrued on the loan.

2.  Likelihood of Resolution By Dispositive Motion

Plaintiff believes that the core liability or merits issue – i.e., whether defendants' interest capitalization practices are in violation of the terms of the form promissory note signed by plaintiff and other student loan borrowers – may be resolved by cross-motions for summary judgment. *See* Paragraph 6 below.

Defendants believe that the issues regarding the propriety of the interest capitalization practices referenced in the Complaint are legal and properly can be addressed by a dispositive motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

3.  Date for Joinder of Additional Parties and Amendment of Pleadings

Although the need to join additional parties or amend the pleadings is unlikely, the plaintiff requests that the Court set the deadline for joinder of additional parties and amendment of the pleadings one month before the close of discovery.

Defendants do not anticipate the need to join any additional parties or amend pleadings.

4.  Assignment of Magistrate Judge

The parties do not consent to the assignment of a magistrate judge for all purposes.

5.  Settlement/ADR

The parties do not believe that settlement is realistically possible at this time or that the case can benefit from the Court's ADR procedures; however, they will continue to assess settlement and the possible benefit of ADR as the case progresses.

6.  Proposed Dates for Initial Dispositive Motions

Plaintiff believes that initial dispositive motions with respect to the core liability or merits issue should be filed 60 days after the close of Phase I discovery. *See* Paragraph 8, below. Opposition briefs should be due within 30 days and reply briefs should be due 15 days thereafter.

As explained above in defendants' response in paragraph 2, defendants believe that the issues regarding the propriety of the interest capitalization practices referenced in the Complaint are legal and properly can be addressed by a dispositive motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Moreover, defendants believe these issues should be addressed promptly to preserve judicial resources and "to secure the just, speedy, and inexpensive determination" of this matter. Fed. R. Civ. P. 1. Accordingly, defendants respectfully request that the Court enter an order directing the filing of dispositive motions no

later than thirty (30) days following the entry of the scheduling order and staying further proceedings, pending disposition of such motions.

7. <u>Initial Disclosures</u>

Plaintiff does not believe that initial disclosures will assist the parties in conducting discovery because this is not a fact intensive case and, therefore, requests that the disclosure requirements be suspended.

In the event the matter is not fully resolved pursuant to a dispositive motion, defendants believe that the parties should be required to provide initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

8. <u>Discovery Plan</u>

Plaintiff believes that discovery should be bifurcated. Phase I discovery should focus on the underlying loan documentation and interest capitalization practices with respect to defendants' direct consolidated loan program and the requirements of Fed. R. Civ. P. 23. Plaintiff believes that Phase I discovery should take four months. (Plaintiff has provided defendants with draft discovery requests and hopes to discuss with counsel whether specific requests should be responded to during Phase I or II.) Phase II discovery should commence, if at all, following the Court's decisions on class certification and the core liability or merits issue. Phase II discovery should focus on damages. The duration of Phase II discovery will be determined by the nature and usability of defendants' databases containing student loan transaction histories. Plaintiff anticipates that a protective order will be required during Phase II since discovery will likely include confidential student loan information. (Plaintiff has provided defendants with a draft form of a stipulated protective order.) Bifurcating discovery in the manner outlined above is consistent with Rule 23, *see* Fed. R. Civ. P. 23(c)(1)(A) ("the court

must – at an early practicable time – determine by order whether to certify the action as a class action"); *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177-78 (1974) (holding court may not decide merits in connection with class certification), and will achieve maximum cost efficiencies because discovery related to damages will drive both sides' litigation costs in this case.

In the event the matter is not fully resolved pursuant to a dispositive motion, defendants believe that the bifurcation of the discovery process as described in plaintiff's statement is unnecessary. Rather, discovery should proceed as to all subjects at issue. Defendants concur with plaintiff's statement that a protective order will be necessary to protect confidential information and information subject to the Privacy Act, and defendants are prepared to discuss the terms of such a protective order with plaintiff, in the event discovery is necessary.

9.   Expert Witnesses

Plaintiff may employ expert witnesses on two issues. First, plaintiff may use an expert witness to opine on lending industry customs and practices with respect to interest capitalization. Plaintiff believes that such an expert's report should be due two months before the close of Phase I discovery. Second, plaintiff may use an expert witness to compute damages suffered by plaintiff and members of the class. Plaintiff believes that such an expert's report should be due during Phase II discovery.

In the event the matter is not fully resolved pursuant to a dispositive motion, defendants do believe the Rule 26(a)(2) requirements for the exchange of expert reports and information should apply in this case. Defendants respectfully suggest that the exchange of expert reports and information should take place no later than 30 days following the close of factual discovery; that depositions be allowed to take place during the next 15 days; that the exchange of rebuttal expert reports and information should take place no later than 15 days following the close of

expert depositions; and that depositions of rebuttal experts be allowed to take place during the next 15 days.

10. Class Motion

Plaintiff believes that her class certification motion should be filed 15 days after the close of Phase I discovery. *See* Paragraph 8, above. Opposition briefs should be due within 30 days and reply briefs should be due 15 days thereafter.

In the event the matter is not fully resolved pursuant to a dispositive motion and subject to defendants' previous statements regarding plaintiff's discovery proposal, defendants take no position as to the timing for the filing of a class certification motion, and if such a motion is to be entertained by the Court, defendants concur with the briefing schedule proposed by plaintiff.

11. Bifurcation

Plaintiff proposes bifurcation as set forth in Paragraph 8, above.

In the event the matter is not fully resolved pursuant to a dispositive motion and for the reasons previously stated regarding plaintiff's discovery proposal, defendants do not believe there is a need to bifurcate these proceedings.

12. Date for Pretrial Conference

The parties do not request a date for the pretrial conference at this time; rather, the parties propose to revisit the issue following the Court's rulings on dispositive motions and class certification.

13. Trial Date

The parties do not request that the Court set a firm trial date at this time.

14.   <u>Miscellaneous</u>

*Potential Unavailability of Defendants' Counsel.* Defendants' counsel is one of the principal trial counsel assigned to *Cobell v. Kempthorne*, No. 1:96-cv-01285, pending before Judge Robertson. Trial is currently scheduled to commence in the *Cobell* matter on October 10, 2007, and while the length of the upcoming trial has not been determined, yet, it is possible that the duration of the trial will be lengthy. Defendants' counsel will be one of the Government counsel with significant responsibilities for examining witnesses and arguing matters during these proceedings. In bringing the fact of the upcoming trial in *Cobell* to the Court's attention, defendants are not asking the Court to delay proceedings in the instant litigation. Defendants do believe, however, that the Court should be aware of its' counsel's current commitments in a significant matter pending in this Court.

Plaintiff does not believe that the potential unavailability of defendants' counsel should delay this litigation.

*Changes in Limitations on Discovery.* Plaintiff requests that the limitation on the number of interrogatories set forth in Fed. R. Civ. P. 33(a) be increased from 25 to 35. Such an increase is necessary due the presence of the class allegations and should assist plaintiff in narrowing tailoring her document requests.

In the event the matter is not fully resolved pursuant to a dispositive motion, defendants do not anticipate a need to alter the presumptive limitation on interrogatories established by Rule 33(a) of the Federal Rules of Civil Procedure.

DATED: July 6, 2007

        Respectfully submitted,

        SPRENGER & LANG, PLLC

        /s/ Steven M. Sprenger
Steven M. Sprenger (DC Bar No. 418736)
1400 Eye Street, N.W.
Suite 500
Washington, DC 20005
(202) 265-8010
(202) 332-6652 Fax

Dan Bryden (*Pro hac vice*)
SPRENGER & LANG, PLLC
310 Fourth Avenue S.
Suite 600
Minneapolis, MN 55403
(612) 871-8910

*Attorneys for Plaintiff and the Class*


PETER D. KEISLER
Assistant Attorney General

J. CHRISTOPHER KOHN
Director

ROBERT E. KIRSCHMAN, JR.
Deputy Director

/s/ John Warshawsky
JOHN WARSHAWSKY (D.C. Bar No. 417170)
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 307-0010
Facsimile: (202) 514-9163

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Brenda Kay Pfeiffer, | ) | Court File No. 01:07-cv-00522 |
| | ) | [Judge Sullivan] |
| *Plaintiff*, | ) | |
| vs. | ) | **SCHEDULING ORDER** |
| | ) | |
| Margaret Spellings, in her official capacity as United States Secretary of Education, the United States Department of Education, and the United States of America, | ) ) ) ) ) | |
| *Defendants*. | ) | |

Before the Court is the Meet and Confer Report of the Parties. Upon consideration thereof, it is hereby

**ORDERED** that discovery in this case shall be bifurcated. Phase I discovery shall be limited to the facts relevant to the issues of class certification and defendants' liability for breach of contract as alleged in the complaint (e.g., the underlying loan documentation and interest capitalization practices with respect to defendants' direct consolidated loan program, including plaintiff's loan and loan history). Phase I discovery shall close on [insert date four months from date of order]. The Court will address the scope and timing of Phase II discovery regarding damages following its decisions on initial dispositive motions and class certification, if necessary. It is further

**ORDERED** that initial disclosure requirements pursuant to Fed. R. Civ. P. 26(a)(1) are suspended. It is further

**ORDERED** that the parties may serve up to 35 interrogatories, which may be used in Phase I and/or Phase II discovery. It is further

**ORDERED** that the parties shall serve their expert reports on liability issues pursuant to Fed. R. Civ. P. 26(a)(2) no later than [insert date two months before the close of Phase I discovery]. Any expert opposition reports shall be served within 30 days, and expert rebuttal reports shall be served 15 days thereafter.

**ORDERED** that the deadline for joining additional parties and amending the pleadings is [insert date one month before the close of Phase I discovery]. It is further

**ORDERED** that plaintiff shall file her motion for class certification no later than [insert date 15 days after the close of Phase I discovery]. Defendants' opposition shall be due within 30 days, and plaintiff's reply shall be due 15 days thereafter. It is further

**ORDERED** that the parties shall file any initial dispositive motions no later than [insert date 60 days after the close of Phase I discovery]. Opposition briefs shall be due within 30 days, and reply briefs shall be due 15 days thereafter.

Dated: _____

_____
The Honorable Emmet G. Sullivan
United States District Judge

cc:

John Warshawsky
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street, N.W., Room 10030
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
E-mail: john.warshawsky@usdoj.gov

Steven M. Sprenger
Sprenger & Lang, PLLC
1400 Eye Street N.W.
Suite 500
Washington, DC 20005
Telephone: 202/772-1160
Facsimile: 202/332-6652
E-mail: ssprenger@sprengerlang.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA KAY PFEIFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-00522 |
| ) | (Judge Sullivan) |
| MARGARET SPELLINGS, Secretary of Education, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Upon consideration of the Meet and Confer Report of the Parties (Dkt. No. 15) and the entire record in this matter, it is hereby

ORDERED that defendant shall file its dispositive motion pursuant to Rule 56 of the Federal Rules of Civil Procedure no later than thirty (30) days from the date of this Order, and it is further

ORDERED that plaintiff will be permitted to file a dispositive motion pursuant to Rule 56 no later than thirty (30) days from the date of this Order, and it is further

ORDERED that proceedings in this matter shall otherwise be stayed during the course of the Rule 56 process, and it is further

ORDERED that following the Court's consideration of and ruling upon any motions filed pursuant to Rule 56, the parties shall meet and confer and shall file with the Court a joint report recommending further proceedings no later than thirty (30) days following the Court's ruling upon the Rule 56 motion(s).

SO ORDERED

_____

UNITED STATES DISTRICT JUDGE

Date:_____

cc:

Steven M. Sprenger, Esq.
Sprenger & Lang, PLLC
1400 Eye Street, N.W., Suite 500
Washington, D.C. 20005
Facsimile: (202) 332-6652
E-mail: ssprenger@sprengerlang.com

John Warshawsky, Esq.
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street, N.W., Room 10030
Washington, D.C. 20530
Facsimile: (202) 514-9163
E-mail: john.warshawsky@usdoj.gov