IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA KAY PFEIFFER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARGARET SPELLINGS, Secretary of Education, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:07-cv-00522 <br> (Judge Sullivan) |

DEFENDANTS' RESPONSES TO PLAINTIFF'S PROPOSED DISCOVERY PLAN

Pursuant to the Court's directions at the August 16, 2007 Status Conference and the Court's Minute Entry dated August 16, 2007, defendants respectfully provide the following responses to Plaintiff's Proposed Discovery Plan (Aug. 24, 2007) (Dkt. No. 16):

General Statement Regarding Scope of Discovery

During the August 16, 2007 Status Conference, the parties' counsel agreed that the issue proffered by defendants for resolution by summary judgment – construction of the interest provisions applicable to plaintiff's promissory note – is a legal issue. In particular, counsel agreed that the issue presented in plaintiff's complaint is with regard to the Education Department's practice of capitalizing "negative amortization" interest for the period between receipt of a June payment (in the case of plaintiff, typically on or about June 21st of each year) and June 30th, within the same month.

In light of the parties' agreement as to the legal issue presented by the complaint, plaintiff does not require discovery directed to matters such as how defendants' agents and employees construed the terms of plaintiff's promissory note. The construction of plaintiff's promissory

note properly will be resolved by analyzing the language in the promissory note and the legal authorities referenced therein, most notably the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 et seq., and applicable regulations.

The Court asked the parties for their views regarding the need for class certification before resolving summary judgment issues, and defendants expressed their preference that the Court proceed on the liability question before the Court addressed a class certification motion. After considering the parties' positions, the Court advised the parties that it would allow limited discovery with regard to class certification issues, that plaintiff was to submit a limited discovery plan regarding class issues, and that defendants were to submit their responses regarding plaintiff's proposed discovery plan. The following sets forth defendants' responses to plaintiff's proposed discovery plan.

I. Responses Regarding Plaintiff's Proposed Interrogatories

Interrogatory No. 1: State whether the interest capitalization practices complained of by Dr. Pfeiffer are limited to the Income Contingent Repayment Plan for the Federal Direct Consolidated Loan Program. If your answer is "no," identify all other student loan programs and/or repayment plans for which interest is capitalized in the same or substantially similar manner as complained of by Dr. Pfeiffer.

Defendants' Response: Plaintiff did not define the terms "interest capitalization practices" and "same or substantially similar" in its proposed discovery plan, but for purposes of this response and any succeeding discovery requests that use either of these terms, defendants assume the terms refer to the Education Department's practice of capitalizing negative amortization interest for the period between receipt of plaintiff's June payment and June 30th, within the same month.

Similarly, plaintiff repeatedly refers to the "Federal Direct Consolidated Loan Program" within her proposed discovery plan, but the program at issue is the William D. Ford Federal Direct Loan Program. For purposes of this response and any succeeding discovery requests that refer to the Federal Direct Consolidated Loan Program, defendants' responses are with regard to the William D. Ford Federal Direct Loan Program.

Subject to the foregoing and without waiving any other potential objections, defendants would not object to responding to this interrogatory.

Interrogatory No. 2: State the approximate number of borrowers during the liability period (i.e., between March 19, 2001 and the present) whose loans have been subject to the same or substantially similar interest capitalization practices complained of by Dr. Pfeiffer.

Defendants' Response: While defendants would object to the term "liability period" because it wrongly suggests that liablity has been established, defendants would not object to responding to this interrogatory.

Interrogatory No. 3: State the approximate total dollar amount of interest capitalized by you during the liability period to the principal balances of borrowers pursuant to the interest capitalization practices complained of by Dr. Pfeiffer.

Defendants' Response: As noted above, defendants would object to the term "liability period" because it wrongly suggests that liablity has been established. In addition, defendants would object to this interrogatory because it is not relevant to class certification issues. Finally, defendants would object to this interrogatory as being unduly burdensome because the Education

Department does not currently attempt to quantify the amount of interest capitalized only during the narrow time period referenced in plaintiff's complaint.

Interrogatory No. 4: Identify all documents made available by you to student loan borrowers or potential student loan borrowers that refer to the manner and method in which you capitalize interest on loans issued under the program(s) and subject to the repayment plan(s) identified in your answer to Interrogatory No. 1.

Defendants' Response: Defendants would object to this interrogatory because it is vague and ambiguous and is not relevant to class certification issues.

Interrogatory No. 5: Identify all documents that reflect written or verbal communications among or between you, your agents and/or employees with respect to the manner and method by which you capitalize interest on loans issued under the program(s) and subject to the repayment plan(s) identified in your answer to Interrogatory No. 1.

Defendants' Response: Defendants would object to this interrogatory because it is unduly burdensome and is not relevant to class certification issues.

Interrogatory No. 6: State whether all borrowers whose loans have been subject to the same interest capitalization practices complained of by Dr. Pfeiffer have executed a form promissory note containing the same or substantially similar language concerning interest capitalization as the notes executed by Dr. Pfeiffer. If your answer is "no," identify by OMB No. or otherwise the

form promissory note(s) executed by other borrowers and explain how the interest capitalization provision(s) of such note(s) differ from the provision contained in Dr. Pfeiffer's notes.

Defendants' Response: Defendants would object to this interrogatory as being unduly burdensome to the extent it seeks to require defendants to examine every promissory note executed during the period at issue in the complaint. Subject to the foregoing and without any other potential objections, defendants would not object to answering this interrogatory generally with regard to the operations of the William D. Ford Federal Direct Loan Program.

Interrogatory No. 7: State whether there is a uniform monthly payment date for all borrowers with loans issued under the Federal Direct Consolidated Loan Program and subject to the Income Contingent Repayment Plan and, if so, provide the date of the month.

Defendants' Response:  While this interrogatory is not relevant to class certification issues, the issue presented is easily addressed and, therefore, defendants would not object to answering this interrogatory.

Interrogatory No. 8:  State whether there is a uniform monthly payment date for each other specific loan program and repayment plan identified in your answer to Interrogatory No. 1 and, if so, provide the date of the month for each.

Defendants' Response:  While this interrogatory is not relevant to class certification issues, the issue presented is easily addressed and, therefore, defendants would not object to answering this interrogatory.

Interrogatory No. 9: State the approximate date on which you began the interest capitalization practices complained of by Dr. Pfeiffer.

Defendants' Response: While this interrogatory is not relevant to class certification issues, the issue presented is easily addressed and, therefore, defendants would not object to answering this interrogatory.

Interrogatory No. 10: Identify all individuals involved in creating and implementing the interest capitalization practices complained of by Dr. Pfeiffer and briefly state each individual's role.

Defendants' Response: Defendants would object to this interrogatory because it is vague, unduly burdensome, and is not relevant to class certification issues.

Interrogatory No. 11: Identify all individuals involved in drafting the form promissory note executed by Dr. Pfeiffer and any other form notes identified in your answer to Interrogatory No. 6 and briefly state each individual's role.

Defendants' Response: Defendants would object to this interrogatory because it is vague, unduly burdensome, and is not relevant to class certification issues.

Interrogatory No. 12: Identify the individual(s), including their employer(s), involved in creating the computer program that calculates interest capitalization for loans issued under the program(s) and subject to the repayment plan(s) identified in your answer to Interrogatory No. 1.

Defendants' Response: Defendants would object to this interrogatory because it is vague, unduly burdensome, and is not relevant to class certification issues.

Interrogatory No. 13: Identify all documents that reflect or relate to communications between defendant(s), on the one hand, and the individuals and/or entities identified in your answer to Interrogatory No. 12, on the other hand, that address computer programming for interest capitalization on loans issued under the program(s) and subject to the repayment plan(s) identified in your answer to Interrogatory No. 1.

Defendants' Response: Defendants would object to this interrogatory because it is vague, unduly burdensome, and is not relevant to class certification issues.

Interrogatory No. 14: Provide a complete payment history on Dr. Pfeiffer's loan for the period November 2001 to the present including (a) the date of each payment made by Dr. Pfeiffer was received; (b) the amount of each payment; (c) the amount of each payment applied to (i) accrued interest and (ii) principal balance; and (d) the outstanding principal balance on Dr. Pfeiffer's loan after each payment.

Defendants' Response: Defendants would not object to answering this interrogatory.

II.     Responses Regarding Plaintiff's Proposed Document Production Requests

Document Request No. 1: All documents identified in your answers to Interrogatory Nos. 4, 5, and 6.

Defendants' Response: For the reasons set forth in our responses regarding Interrogatories 4, 5, and 6, defendants would object to producing documents referenced in Interrogatories 4 and 5. Defendants would not object to producing documents referenced in their response to Interrogatory 6.

Document Request No. 2: All documents that you contend support defendants' position that the proposed class as defined in the complaint should not be certified pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3).

Defendants' Response: Defendants would object to this document request on the grounds that it is vague and ambiguous. Moreover, because objections to class certification are based on legal arguments regarding the propriety of class certification, not a factual review of documents, the document request is not properly within the scope of Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

Document Request No. 3: All documents which you contend support defendants' position that the interest capitalization practices complained of by Dr. Pfeiffer do not constitute a breach of the promissory note.

Defendants' Response: Defendants would object to this document request on the grounds that it is vague and ambiguous. Moreover, because defendants' arguments regarding the propriety of the Education Department's interest capitalization practice are based on legal arguments, not a factual review of documents, the document request is not properly within the scope of Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

Document Request No. 4: All provisions of the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 et seq., and all other federal statutes and regulations which you contend are relevant to the interpretation of the subject form promissory note.

Defendants' Response: Defendants would object to this document request on the grounds that defendants' arguments regarding construction of plaintiff's promissory note are based on legal arguments, not a factual review of documents. Accordingly, the document request is not properly within the scope of Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

Document Request No. 5: All documents reflecting comments and the consideration or discussion of comments made in connection with rulemaking with respect to your interest capitalization practices and/or the form of promissory note used by you in connection with the program(s) and repayment plan(s) identified in your answer to Interrogatory No. 1.

Defendants' Response: Defendants would object to this document request on the grounds that it is vague, unduly burdensome, and is not relevant to class certification issues.

Document Request No. 6: All documents identified in your answer to Interrogatory No. 13.

Defendants' Response: For the reasons set forth in our response regarding Interrogatory 13, defendants would object to producing documents referenced in Interrogatory 13.

      III.     Responses Regarding Plaintiff's Proposed Depositions

Plaintiffs' Proposal: If necessary, plaintiff may seek to take up to a limited number depositions (most likely, Rule 30(b)(6) depositions) to follow up on and/or clarify defendants' interrogatory answers, and/or to authenticate and/or gain an understanding of the significance of documents produced by defendants.

<u>Defendants' Response</u>: Defendants would generally object to plaintiff conducting any depositions. As the Court confirmed at the August 16, 2007 Status Conference, plaintiff's proposed discovery plan should be limited in nature and directed to class certification issues. Absent a showing of good cause, no grounds exist for allowing depositions.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        J. CHRISTOPHER KOHN
        Director

        ROBERT E. KIRSCHMAN, JR.
        Deputy Director

        /s/ John Warshawsky
        _____
        JOHN WARSHAWSKY (D.C. Bar No. 417170)
        Senior Trial Counsel
        Commercial Litigation Branch
        Civil Division
        P.O. Box 875
        Ben Franklin Station
        Washington, D.C. 20044-0875
        Telephone: (202) 307-0010
        Facsimile: (202) 514-9163

September 6, 2007

<u>Certificate of Service by ECF</u>

I hereby certify that, on September 6, 2007, the foregoing "DEFENDANTS' RESPONSES TO PLAINTIFF'S PROPOSED DISCOVERY PLAN" was filed electronically in the Court's Electronic Case Filing ("ECF") system. I understand that notice of this filing will be sent to all counsel by operation of the Court's ECF system and that parties may access this filing through the Court's system.

/s/ John Warshawsky
_____