IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRENDA KAY PFEIFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-00522 |
| | ) | (Judge Sullivan) |
| MARGARET SPELLINGS, Secretary of Education, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S PROPOSED DISCOVERY PLAN**

**I.     Introduction**

In their "General Statement Regarding Scope of Discovery," defendants state that at the August 16, 2007 Status Conference, "the Court advised the parties that it would allow limited discovery with regard to class certification issues . . ." Defendants' Response, at p. 2.  The statement is inaccurate insofar as it suggests that the Court advised the parties that discovery would be *limited* to class certification issues.  Instead, the Court advised the parties at the Status Conference that the Plaintiff would be entitled to reasonable limited discovery.   The mere fact that the interpretation of a contract – here, a promissory note – is generally a question of law does not eliminate a party's entitlement to conduct discovery.  Indeed, discovery of facts indicating that defendants interpreted the interest capitalization provisions of the form promissory note differently at any time prior to the commencement of this litigation would be strong evidence that defendants' current interpretation is unreasonable or that the note is ambiguous.

2020659

II.    **Plaintiff's Response to Defendants' Objections to Proposed Discovery Requests**

In their responses to plaintiff's proposed discovery requests, defendants assert objections to certain requests based on relevance and burdensomeness.  Defendants also object to certain terms or phrases on the grounds that they are vague or ambiguous.  Plaintiff responds to these objections below.

A.    **Plaintiff's Proposed Interrogatories**

Interrogatory No. 3:  State the approximate total dollar amount of interest capitalized by you during the liability period to the principal balances of borrowers pursuant to the interest capitalization practices complained of by Dr. Pfeiffer.

Defendants' Objection: As noted above, defendants would object to the term "liability period" because it wrongly suggests that liability has been established.  In addition, defendants would object to this interrogatory because it is not relevant to class certification issues.  Finally, defendants would object to this interrogatory as being unduly burdensome because the Education Department does not currently attempt to quantify the amount of interest capitalized only during the narrow time period referenced in plaintiff's complaint.

Plaintiff's Response:    As set forth above, the Court did not limit discovery to class certification issues.  The total amount of damages also goes directly to the "superiority" analysis in class certification.  In deciding whether a class action is a "superior" method to individual claims (as is required by Fed. R. Civ. P. 23(b)(3)), courts look at whether the amount of damages suffered by each class member is so low that the class members would not bring suit individually.  *See* Comments to the 1966 Amendment to Fed. R. Civ. P. 23, stating that class certification is appropriate where "the amounts at stake for individuals may be so small that separate suits would be impracticable."; *Barnes*

2020659

*v. District of Columbia*, 2007 U.S.Dist. LEXIS 20856, *36  (D.D.C. 2007)(holding that "[t]he superiority of the class action device becomes all the more apparent when it is revealed that the potential damages for each award may be small, indicating that the alternative of multiple individual suits may be an impossible way of vindicating the rights at issue."). Accordingly, plaintiff needs to know approximately the total amount of allegedly improperly capitalized interest to demonstrate that a class action is the superior method to adjudicate this matter.

Moreover, basic background information about the scope of the interest capitalization will help the parties and the Court to put class certification and liability into context. Background information on the scope of the improper interest capitalization will be relevant to management of the class action and other administrative considerations that may arise at class certification. It is important for the Court and the parties to know whether this dispute involves damage exposure of $500,000 or potentially exposure of $15,000,000 or more.

While defendants state they do not presently make such calculations, they fail to state why it would be a burden to do so. Importantly, plaintiff seeks merely an *approximate* amount of improperly capitalized interest. We frankly fail to see how making merely an approximation would be unduly burdensome. The defendants' conclusory assertion of "burden" is insufficient to refuse to produce the relevant information sought by Interrogatory No. 3.

Interrogatory No. 4:  Identify all documents made available by you to student loan borrowers or potential student loan borrowers that refer to the manner and method in which you capitalize interest on loans issued under the program(s) and subject to the repayment plan(s) identified in your answer to Interrogatory No. 1.

2020659

Defendants' Objection: Defendants would object to this interrogatory because it is vague and ambiguous and is not relevant to class certification issues.

Plaintiff's Response:   Defendants have failed to articulate why they believe Interrogatory No. 4 is vague or ambiguous. What plaintiff seeks is an itemization of documents which are provided to borrowers when they take out their loans and describe how interest on their loans will be capitalized. These documents are relevant to class certification because they may demonstrate that putative class members are all shown the same descriptions of the how interest is capitalized.  If indeed class members were shown the same or similar documents, then Dr. Pfeiffer's claim is likely "typical" of the class, and common questions of fact and law "predominate."  *See Barnes*, 2007 U.S.Dist. LEXIS 20856, *29 (holding that a plaintiff's claim is "typical" if "it arises from the same event or practice or course of conduct that gives rise to a claim of another class member's where his or her claims are based on the same legal theory.");  *DL v. District of Columbia*, 237 F.R.D. 319, 323 (D.D.C. 2006)(holding that plaintiffs' claims were "typical" of the class where plaintiffs alleged that "their injuries were caused by defendants' pattern or practice of systemic violation of the pertinent laws."); *Jarvaise v. Rand Corp.*, 212 F.R.D. 1, *9 (D.D.C. 2002)(holding that common questions predominate "when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis").

These documents may also be relevant to liability because they may show that defendants represent to borrowers that interest capitalization works in a certain manner that is not consistent with how, in fact, the defendants capitalize interest.  These documents may further shed light on how defendants themselves have interpreted the promissory note by showing how defendants have represented to borrowers interest capitalization operates.

2020659

Interrogatory No. 5:  Identify all documents that reflect written or verbal communications among or between you, your agents and/or employees with respect to the manner and method by which you capitalize interest on loans issued under the program(s) and subject to the repayment plan(s) identified in your answer to Interrogatory No. 1.

Defendants' Objection: Defendants would object to this interrogatory because it is unduly burdensome and is not relevant to class certification issues.

Plaintiff's Response:  A party cannot simply assert that a discovery request is "unduly burdensome" and then refuse to answer it.  A party seeking to avoid discovery on that ground must articulate exactly what the burden is that it will bear if it has to comply with the request and why that burden should not be undertaken in the context of the specific facts of the case.  *See Beecham v. Socialist People's Libyan Arab Jamahiriya*, 2007 U.S.Dist. LEXIS 60625, *3 (D.D.C. 2007)("Bare assertions that discovery will be unduly burdensome. . . are insufficient to justify the entry of an order staying discovery.")(quotation omitted).  Defendants have failed to do that here.  Accordingly, this request cannot be denied on the ground that it is "unduly burdensome."

Moreover, the request seeks information relevant to both class certification and liability.  The central dispute in this action is how interest should be capitalized pursuant to the promissory note signed by Dr. Pfeiffer and others similarly situated.  Documents wherein defendants and/or their agents and employees discuss interest capitalization will show when defendants began capitalizing interest in the manner they do now, why they capitalize interest the way they do, whether defendants find support for how they capitalize interest in the promissory note, and who was involved in developing and implementing defendants' interest capitalization practices.

Plaintiff further believes that to the extent defendants are able to articulate specific burdens to answering this interrogatory, those concerns may be addressed in meet-and-confer sessions between counsel.  If necessary, counsel will negotiate protocols relating to what searches defendants will make for documents and how those searches may be conducted in a manner that is not unduly burdensome.

Interrogatory No. 10:   Identify all individuals involved in creating and implementing the interest capitalization practices complained of by Dr. Pfeiffer and briefly state each individual's role.

Defendants' Objection:   Defendants would object to this interrogatory because it is vague, unduly burdensome, and is not relevant to class certification issues.

Plaintiff's Response:   A party cannot simply assert that a discovery request is "unduly burdensome" and then refuse to answer it.  A party seeking to avoid discovery on that ground must articulate exactly what the burden is that it will bear if it has to comply with the request and why that burden should not be undertaken in the context of the specific facts of the case.  *Beecham*, 2007 U.S.Dist. LEXIS 60625 at *3.  Defendants have failed to do that here.  Accordingly, this request cannot be denied on the ground that it is "unduly burdensome."  Nor have the defendants articulated what about the request is supposedly "vague."  These conclusory objections are insufficient to deny discovery.

Moreover, Interrogatory No. 10 seeks basic information regarding who has knowledge of the defendants' practices relating to interest capitalization.  Once it is determined who was involved in creating and implementing the practices at issue in this action, plaintiff may seek to take a deposition of one or more of those individuals.

2020659

Interrogatory No. 11:  Identify all individuals involved in drafting the form promissory note executed by Dr. Pfeiffer and any other form notes identified in your answer to Interrogatory No. 6 and briefly state each individual's role.

Defendants' Objection:  Defendants would object to this interrogatory because it is vague, unduly burdensome, and is not relevant to class certification issues.

Plaintiff's Response:   A party cannot simply assert that a discovery request is "unduly burdensome" and then refuse to answer it.  A party seeking to avoid discovery on that ground must articulate exactly what the burden is that it will bear if it has to comply with the request and why that burden should not be undertaken in the context of the specific facts of the case.  *Beecham*, 2007 U.S.Dist. LEXIS 60625 at *3.   Defendants have failed to do that here.   Accordingly, this interrogatory cannot be denied on the ground that it is "unduly burdensome."   Nor have the defendants articulated what about the request is supposedly "vague."  These conclusory objections are insufficient to deny discovery.

Interrogatory No. 11 seeks basic information regarding who was involved in drafting   the central document at issue in this action, the promissory note.  Whoever drafted the promissory note should have discoverable information relating to why the promissory note is worded the way it is and how the drafter developed the language of the promissory note with respect to interest capitalization. These individuals may also have discoverable information relating to the language of the promissory note.  Thus, plaintiff will be able to notice the deposition of such individuals, if appropriate.

Interrogatory No. 12:  Identify the individual(s), including their employer(s), involved in creating the computer program that calculates interest capitalization for loans issued under the program(s) and subject to the repayment plan(s) identified in your answer to Interrogatory No. 1.

2020659

Defendants' Objection:  Defendants would object to this interrogatory because it is vague, unduly burdensome, and is not relevant to class certification issues.

Plaintiff's Response:   A party cannot simply assert that a discovery request is "unduly burdensome" and then refuse to answer it.  A party seeking to avoid discovery on that ground must articulate exactly what the burden is that it will bear if it has to comply with the request and why that burden should not be undertaken in the context of the specific facts of the case.  Defendants have failed to do that here.  *Beecham*, 2007 U.S.Dist. LEXIS 60625 at *3.  Accordingly, this interrogatory cannot be denied on the ground that it is "unduly burdensome."  Nor have the defendants articulated what about the request is supposedly "vague."  These conclusory objections are insufficient to deny discovery.

Interrogatory No. 12 seeks basic background information relating to who was involved in creating the computer program that calculated interest on the putative class members' loans each month.  If all the class members' interest was calculated using the same computer program, that again would demonstrate that putative class members are similarly situated and that common evidence may be used to prove their claims.  Plaintiff believes that the computer program at issue was created by government contractor EDS, and believes that there was likely discussion and possibly even disagreement between defendants and EDS regarding programming for interest capitalization.  If so, those discussions will shed light on the interpretation of the interest capitalization provision and, accordingly, a deposition may be appropriate.

2020659

Interrogatory No. 13: Identify all documents that reflect or relate to communications between defendant(s), on the one hand, and the individuals and/or entities identified in your answer to Interrogatory No. 12, on the other hand, that address computer programming for interest capitalization on loans issued under the program(s) and subject to the repayment plan(s) identified in your answer to Interrogatory No. 1.

Defendants' Objection: Defendants would object to this interrogatory because it is vague, unduly burdensome, and is not relevant to class certification issues.

Plaintiff's Response: A party cannot simply assert that a discovery request is "unduly burdensome" and then refuse to answer it. A party seeking to avoid discovery on that ground must articulate exactly what the burden is that it will bear if it has to comply with the request and why that burden should not be undertaken in the context of the specific facts of the case. *Beecham*, 2007 U.S.Dist. LEXIS 60625 at *3. Defendants have failed to do that here. Accordingly, this request cannot be denied on the ground that it is "unduly burdensome." Nor have the defendants articulated what about the request is supposedly "vague." These conclusory objections are insufficient to deny discovery.

Interrogatory No. 13 seeks communications relating to how the defendants' computer program calculates interest on the putative class members' loans. Defendants presumably instructed the programmers how the program should calculate interest. The programmers, on the other hand, may have provided feedback to defendants on whether the interest calculations defendants sought were consistent with how the vendor's programs for calculating interest generally operate. Indeed, we believe it is probable that many such communications took place in the course of installing and operating the program that now calculates interest for hundreds of thousands of student loan

2020659

borrowers.    There should be a wealth of information in such documents that bears on the interpretation of the interest capitalization provision.  *See also* Plaintiff's Response Re: Interrogatory No. 12, above.

### B.    Plaintiff's Proposed Document Requests

Document Request No. 1:  All documents identified in your answers to Interrogatory Nos. 4, 5, and 6.

Defendants' Objection: For the reasons set forth in our responses regarding Interrogatories 4, 5, and 6, defendants would object to producing documents referenced in Interrogatories 4 and 5. Defendants would not object to producing documents referenced in their response to Interrogatory 6.

Plaintiff's Response:  Plaintiff relies on her Response Re: Interrogatories No. 4 & 5.

Document Request No. 2: All documents that you contend support defendants' position that the proposed class as defined in the complaint should not be certified pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3).

Defendants' Objection: Defendants would object to this document request on the grounds that it is vague and ambiguous.  Moreover, because objections to class certification are based on legal arguments regarding the propriety of class certification, not a factual review of documents, the document request is not properly within the scope of Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

Plaintiff's Response:  Document Request No. 2 is a standard "contention" discovery request, which are routinely asked and answered in civil litigation.  If there are documents defendants intend to rely on in opposing class certification, plaintiff is entitled to discover those documents.  Plaintiff must receive those documents early in discovery so that she may obtain further information regarding what

2020659

the documents mean and what their significance may be.  Plaintiff is not required to wait until defendants have filed their memorandum in opposition to class certification to see what documents defendants intend to rely on.

Document Request No. 3:  All documents which you contend support defendants' position that the interest capitalization practices complained of by Dr. Pfeiffer do not constitute a breach of the promissory note.

Defendants' Objection:  Defendants would object to this document request on the grounds that it is vague and ambiguous.  Moreover, because defendants' arguments regarding the propriety of the Education Department's interest capitalization practice are based on legal arguments, not a factual review of documents, the document request is not properly within the scope of Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

Plaintiff's Response:  Document Request No. 3 is another "contention" discovery request.  If the defendants have documents that they believe support their interpretation of the interest capitalization provision and/or undermine plaintiff's interpretation, they should provide those documents to plaintiff early in discovery.  Plaintiff is not required to wait until class certification or summary judgment briefs are filed to find out what documents defendants intend to rely on.  Those documents should be provided to plaintiff so that she may obtain further information regarding the meaning and significance of the documents.

Document Request No. 4:  All provisions of the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 et seq., and all other federal statutes and regulations which you contend are relevant to the interpretation of the subject form promissory note.

2020659

<u>Defendants' Objection</u>:  Defendants would object to this document request on the grounds that  defendants' arguments regarding construction of plaintiff's promissory note are based on legal arguments, not a factual review of documents.  Accordingly, the document request is not properly within the scope of Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

<u>Plaintiff's Response:</u>    Dr. Pfeiffer's promissory note specifically states that it "will be interpreted according to the [Higher Education Act of 1965 , as amended, 20 U.S.C. 1070 <u>et seq.</u>,] and *other applicable federal statutes and regulations*."  Dr. Pfeiffer has a right to discovery of the "applicable federal statutes and regulations" which are not specifically identified in the note. Defendants, as drafters of the promissory note, presumably had specific statutes and regulations in mind when they drafted the note.  Plaintiff and other borrowers should not have to guess at what specific statutes and regulations shed light on the interpretation of the note.

Defendants cannot escape production of these otherwise unidentified statutes and regulations by postulating that such information is a "legal argument."  What Dr. Pfeiffer seeks is the meaning of her promissory note, not a legal argument.

<u>Document Request No. 5</u>:  All documents reflecting comments and the consideration or discussion of comments made in connection with rulemaking with respect to your interest capitalization practices and/or the form of promissory note used by you in connection with the program(s) and repayment plan(s) identified in your answer to Interrogatory No. 1.

<u>Defendants' Objection</u>:  Defendants would object to this document request on the grounds that it is vague, unduly burdensome, and is not relevant to class certification issues.

<u>Plaintiff's Response:</u>    The form note and interest capitalization procedure at issue in this action presumably was the subject of rulemaking at the Department of Education.  Any comments

2020659

received by the Department, and any discussion of those comments by the Department, would be highly relevant information.  Plaintiff is entitled to know if the Department received public input and, the nature of that input.  For example, if the Department received comment that the interest capitalization provision in the promissory note was directly contrary to the interest capitalization practices, the consideration and discussion of such comment would be relevant to the reasonableness of defendants' contract interpretation.

Defendants have not articulated the "burden" involved in producing this information, nor have they explained how the request is "vague."  Document Request No. 5 is neither burdensome nor vague.

Document Request No. 6:  All documents identified in your answer to Interrogatory No. 13.

Defendants' Objection:  For the reasons set forth in our response regarding Interrogatory 13, defendants would object to producing documents referenced in Interrogatory 13.

Plaintiff's Response:  Plaintiff relies on her Response Re: Interrogatory No. 13.

## C.    Plaintiff's Proposed Depositions

Plaintiffs' Proposal:  If necessary, plaintiff may seek to take up to a limited number depositions (most likely, Rule 30(b)(6) depositions) to follow up on and/or clarify defendants' interrogatory answers, and/or to authenticate and/or gain an understanding of the significance of documents produced by defendants.

Defendants' Objection: Defendants would generally object to plaintiff conducting any depositions.  As the Court confirmed at the August 16, 2007 Status Conference, plaintiff's proposed discovery plan should be limited in nature and directed to class certification issues.  Absent a showing of good cause, no grounds exist for allowing depositions.

2020659

Plaintiff's Response:    This Court did not state at the Status Conference that depositions would not be allowed.   If plaintiff's counsel believes that a limited number of depositions are necessary to support her motion for class certification and/or summary judgment, then such depositions should be permitted.   The documents to be produced by defendants may need to be explained, or at least authenticated, by deposition.   It may also be the case that much of the information relevant to liability and class certification is not contained in documents but rather is in the memory of witnesses.   A categorical rule against depositions is unreasonable and would unfairly prevent plaintiff from prosecuting her claims.

This 13th day of September, 2007.

Respectfully submitted,

/s/  Steven M. Sprenger
Steven M. Sprenger (DC No. 418736)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W.
Suite 500
Washington, DC 20005
(202) 265-8010
(202)332-6652 Fax

2020659

Dan Bryden (MN No. 302284 – *Pro Hac Vice*)
SPRENGER & LANG, PLLC
310 Fourth Avenue S.
Suite 600
Minneapolis, MN 55403
(612) 871-8910

*ATTORNEYS FOR PLAINTIFF*
*AND THE CLASS*

2020659

–15–

Certificate of Service by ECF

I hereby certify that, on September 13, 2007, the foregoing "PLAINTIFF'S REPLY TO

DEFENDANTS' RESPONSES TO PLAINTIFF'S PROPOSED DISCOVERY PLAN" was filed

electronically in the Court's Electronic Case Filing ("ECF") system.  I understand that notice of

this filing will be sent to all counsel by operation of the Court's ECF system and that parties may

access this filing through the Court's system.


        /s/  Steven M. Sprenger