UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
BRENDA KAY PFEIFFER,                )
                                    )
                Plaintiff,          )
                                    )
           v.                       )  Civil Action No. 07-522 (EGS)
                                    )
MARGARET SPELLINGS, et al.,         )
                                    )
                Defendants.         )
                                    )
```

## SCHEDULING ORDER

Pursuant to the joint report filed according to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26, and upon further consideration of plaintiff's Proposed Discovery Plan, the response and reply thereto, and the arguments of counsel during the Initial Status Conference on August 16, 2007 and the telephone conference on September 19, 2007, it is hereby

**ORDERED** that the Court's oral ruling on September 19, 2007 setting a briefing schedule for dispositive motions is **VACATED**; and it is

**FURTHER ORDERED** that plaintiff shall have leave to propound the interrogatories and document requests outlined in plaintiff's Proposed Discovery Plan; and it is

**FURTHER ORDERED** that:

(1) The current phase of discovery shall be focused on class certification and discovery necessary for summary judgment

motions and shall be completed by **DECEMBER 31, 2007**.  The parties shall be limited to three (3) depositions for this phase of discovery, if necessary.  Parties shall be joined and pleadings amended by no later than **NOVEMBER 30, 2007**.

(2) Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court.  If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court pursuant to paragraph (6), *supra*.  Counsel are hereby notified that the party that does not prevail on the discovery dispute shall pay the costs involved, including attorney's fees.  Counsel shall not file a discovery motion without following the procedures set forth in this paragraph.

(3) Any motion that does not comply with LCvR 7.1(m) will be, *sua sponte*, stricken by the Court from the record.

(4) Every pleading should indicate, immediately below the Civil Action No. in the caption, the next scheduled Court deadline, such as a status conference, or pretrial conference, or trial date.

(5) Plaintiff's motion for class certification and any dispositive motions by either party shall be filed by no later than **JANUARY 31, 2008**; responses shall be filed by no later than **FEBRUARY 28, 2008**; replies, if any, shall be filed by no later than **MARCH 14, 2008**.

(6) Counsel are directed not to communicate with anyone on Judge Sullivan's staff on an *ex parte* basis. In the event it is absolutely necessary to communicate with Judge Sullivan's staff regarding this case, counsel are directed to arrange, at their expense, a conference telephone call with counsel for all other parties, and any pro se party, and speak directly with either Judge Sullivan's secretary, Geri Kyler, at 354-3260, or the courtroom deputy, Carol Votteler, at 354-3152. It will not be the responsibility of anyone on Judge Sullivan's staff to arrange any telephone calls.

(7) All dates in this Order are firm, may not be altered by the parties, and, absent exceptional circumstances, will not be altered by the Court. Any request for an extension of time shall state whether any prior extensions of time have been granted and whether the extension will impact any other scheduled dates.

(8) Counsel are admonished to read the Circuit's opinion in Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al., 101 F.3d 145, 152 (D.C. Cir. 1996) (In implementing a scheduling order at the beginning of a case and insisting on its reasonable observance during litigation, the district court acted in a manner consistent with the Supreme Court's and Congress' concern for the fair and efficient administration of justice.).

It is **FURTHER ORDERED** that the Clerk of the Court is not required to provide hard copies of any pleading filed electronically in the above captioned case to supernumerary

attorneys of a law firm who have not entered their appearance on the electronic case filing system (ECF) and registered for a password granting them access to electronic dockets.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            September 24, 2007**