IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA KAY PFEIFFER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARGARET SPELLINGS, Secretary of Education, ) <br>    et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:07-cv-00522 <br> (Judge Sullivan) |

### DEFENDANTS' UNOPPOSED MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedures, defendants respectfully request that this Court enter a protective order in the form attached hereto as Exhibit A. Counsel for the parties have conferred pursuant to Rule 26(c) and Local Civil Rule 7(m), and plaintiff's counsel has advised defendants' counsel that this motion will not be opposed.

Defendants respectfully requests that this Court enter the attached order to protect information which may be disclosed in the course of this litigation and which may be subject to protection under the Privacy Act of 1975, 5 U.S.C. § 552a, and/or the Trade Secrets Act, 18 U.S.C. § 1905. Accordingly, entry of the attached protective order is proper and in the public interest.

For the foregoing reasons, defendants respectfully request that this Court allow this motion and enter a protective order in the form attached hereto as Exhibit A.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

        J. CHRISTOPHER KOHN
        Director

        ROBERT E. KIRSCHMAN, JR.
        Deputy Director


        /s/ John Warshawsky
        _____
        JOHN WARSHAWSKY (D.C. Bar No. 417170)
        Senior Trial Counsel
        CHRISTIAN J. GROSTIC
        Trial Attorney
        Commercial Litigation Branch
        Civil Division
        P.O. Box 875
        Ben Franklin Station
        Washington, D.C. 20044-0875
        Telephone: (202) 307-0010
        Facsimile: (202) 514-9163
        Attorneys for Defendants

December 6, 2007

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John Warshawsky
_____

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA KAY PFEIFFER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARGARET SPELLINGS, Secretary of Education, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:07-cv-00522 <br> (Judge Sullivan) |

PROTECTIVE ORDER

Upon joint motion of the parties, and it appearing that good cause has been shown for the entry of a protective order, it is by this Court ORDERED:

1. "Protected Material" as used herein means:

    (a) any document (including but not limited to any pleadings, motions, briefs, notices, responses to interrogatories or document production requests, and documents provided pursuant to an informal document production), or portion or copies thereof, produced, filed, or served by any party to this litigation or any third-party deponent which document has been designated as confidential by the person or party producing it by typing or stamping on the face of the document the words "PROTECTED MATERIAL-- SUBJECT TO PROTECTIVE ORDER (D.D.C. No. 1:07-cv-00522)" or a substantially similar legend;

    (b) any deposition testimony designated by the deponent, the deponent's

    counsel, or any party as confidential, which designation is made either contemporaneously or upon reviewing the transcription of the deposition; and

 (c) summaries, analyses, notes, or other documents that reflect or refer to the information designated confidential pursuant to (a) or (b) of this paragraph.

2. Protected Material so designated by plaintiff may be disclosed by counsel for defendant to any current Government employee and any expert or consultant retained by the Government to assist with this matter. Each person to whom such protected material is disclosed by counsel for defendant shall be informed of the terms of this Protective Order and shall make no disclosure of such Protected Material, other than (a) to any person to whom disclosure is permitted under this Protective Order for the purposes of this litigation or (b) for any governmental purpose.

3. Protected Material so designated by defendant may be disclosed by counsel for plaintiff to all attorneys and employees of the law firm of Sprenger & Lang, PLLC; the plaintiff, Brenda Kay Pfeiffer; and any expert or consultant retained by planitiff or her counsel to assist with this matter. Each person to whom such documents are disclosed by counsel for plaintiff shall be informed of the terms of this Protective Order and shall make no disclosure of such Protected Material, other than to any person to whom disclosure is permitted under this Protective Order for the purposes of this litigation.

4. Either party may at any time object to the designation of information as Protected Material. If the designating party and the objecting party are unable to resolve the objection

informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as Protected Material.

     5.     If either party wishes to disclose Protected Material to any person other than those referred to in paragraphs 2 and 3 above, such party shall so inform the producing party, identifying the Protected Material to be disclosed. If the producing party and the requesting party are unable to resolve any objection informally, the requesting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as Protected Material, and no disclosure shall be permitted to the person referenced in the first sentence of this paragraph.

     6.     If a party desires to file with the Court a pleading, motion, brief, or other document containing Protected Material, the party shall comply with Local Civil Rule 5.1(j) and shall file two sets of the pleading, motion, brief, or other document. One set shall be labeled on the cover "Confidential" and shall be complete in all respects. The other set shall be labeled on the cover "Nonconfidential" and shall have the Protected Material deleted. Both sets shall be filed with the Court, but the Confidential set shall be filed under seal, shall be available only to authorized Court personnel, and shall not be made available to the public.

     7.     At the conclusion of this litigation, plaintiff's counsel and any expert retained by plaintiff or her counsel shall return to the Government any copies of Protected Material made during the course of their review, with the exception that plaintiff's counsel shall be permitted to retain one complete set of protected documents for its own files and that such files shall remain subject to the terms of this Protective Order.

8. Either party may, after consultation with counsel for the opposing party, apply to the Court for a modification of or exception to this Protective Order.

IT IS SO ORDERED:

_____
United States District Judge