IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brenda Kay Pfeiffer,<br><br>On behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br>v.<br><br>Margaret Spellings, in her official capacity as United States Secretary of Education, the United States Department of Education, and the United States of America,<br><br>*Defendants.* | Civil No. 1:07-cv-00522 (EGS)<br><br>CLASS ACTION |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Steven M. Sprenger (DC No. 418736)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W., Suite 500
Washington, DC 20005
(202) 265-8010

Daniel C. Bryden (MN No. 302284 *Pro Hac Vice*)
SPRENGER & LANG, PLLC
310 Fourth Avenue S., Suite 600
Minneapolis, MN 55415
(612) 871-8910

*Attorneys for Plaintiff and the Putative Class*

77867

# TABLE OF AUTHORITIES

## Cases

*Biggs v. Wilson*,
   1 F.3d 1537 (9th Cir. 1993)..................................................................................4

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
   514 U.S. 52...........................................................................................................4

*United States v. Insurance Co. of N. America*,
   83 F.3d 1507 (D.C. Cir. 1996) .............................................................................4

## Federal Statutes and Regulations

Codes of Federal Regulation
   34 C.F.R. § 685.202..............................................................................................1
   34 C.F.R. § 685.202(b)(1).....................................................................................4
   34 C.F.R. § 685.202(b)(4)............................................................................1,3, 4, 5
   34 C.F.R. § 685.209(a)(7).....................................................................................4

INTRODUCTION

The material facts of this matter are not in dispute. DOE makes only one substantive legal argument in support of its motion for summary judgment. DOE argues that 34 C.F.R. § 685.202(b)(4), which provides that DOE "annually capitalizes unpaid interest" on the putative class members' student loans, provides a defense to its practice of capitalizing accrued interest on June 30 each year. But DOE does not explain how this regulation permits it to capitalize interest that is not "unpaid" as of June 30 because it is not due for payment until the borrower's July payment date. DOE also fails even to mention the language of the promissory note that provides for interest capitalization only when interest is "not paid when due," let alone to explain how its construction of this regulation can be reconciled with the note's plain language.

Read in the context of the promissory note it is incorporated into, 34 C.F.R. § 685.202(b)(4) merely provides that DOE annually capitalizes interest that is not paid when due. It does not grant DOE permission to violate the plain terms of the promissory note and capitalize interest before it is due. Accordingly, 34 C.F.R. § 685.202 is not a defense to plaintiff's claims and DOE's motion for summary judgment must be denied.

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**STATEMENT OF MATERIAL FACTS THAT ARE NOT IN DISPUTE**

Plaintiff responds specifically to each numbered paragraph in DOE's Statement of Material Facts That Are Not in Dispute ("DOE Statement of Facts") in her Response to Defendants' Statement of Facts That Are Not in Dispute, which she has filed concurrently with this memorandum. While plaintiff disagrees with a few of DOE's characterizations of the facts, she does not dispute the material facts themselves.

Thus, the parties do not dispute that the only situation in which the form promissory notes signed by the putative class members provide for interest capitalization is if the interest is "not

paid when due." Nonetheless, DOE admits that it capitalizes all accrued interest on the putative class members' student loans on June 30 each year and has done so each year since at least 2001. DOE Statement of Facts at ¶ 21. DOE does not deny that by capitalizing interest on June 30, it is capitalizing interest that accrues after the borrower's June payment date. DOE Statement of Facts at ¶¶ 22-24. DOE also does not dispute that the interest accruing after the borrower's June payment date is not billed or otherwise expected to be paid until the borrower's July payment due date. *Id.*

Furthermore, there is no dispute that DOE capitalizes interest on the putative class members' loans based on their *scheduled* payment amount. DOE Statement of Facts at ¶ 21. Thus even where the putative class members' *actual* payments exceed the interest accruing on their loans, the interest accruing between the borrowers' June payment and June 30 is capitalized each year. DOE capitalizes interest in this manner for all members of the putative class, regardless of when their monthly payments are due. *Id.*

Two factual assertions in DOE's memorandum in support of summary judgment that are not included in DOE's statement of facts require further comment. On pages 12-13 of its memorandum, DOE quotes testimony from Dr. Pfeiffer's deposition relating to daily interest accrual. DOE's counsel asked Dr. Pfeiffer if she "owes" the interest that accrues on her loan. Plaintiff's counsel objected to the extent the question called for a legal conclusion, and Dr. Pfeiffer then agreed that she owes the interest that accrues on her loan. DOE apparently would like the Court to construe this testimony as an admission by Dr. Pfeiffer that the interest accruing on her loan is "due" the day it accrues. But Dr. Pfeiffer did not testify that the interest accruing on her loan is "unpaid" or due the same day it accrues. DOE apparently confuses when interest accrues (daily) with when that interest is due for payment (monthly).

Other than the above testimony, DOE cites no authority for the proposition that interest is "due" the same day it accrues. While Dr. Pfeiffer's testimony is not on point, if it were, the issue of when interest is "due" is a legal question that Dr. Pfeiffer is not competent to answer. This testimony is not a basis for granting summary judgment.

DOE also states on page 4 of its memorandum that borrowers repaying under the Income Contingent Repayment Plan may have their loans forgiven if they have not paid off the loan after 25 years. While the relevance of this statement is not apparent, it is important to note that when DOE forgives student loans in this manner, borrowers may be required to treat the forgiven debt as income for federal taxation purposes. Thus even borrowers whose student loans are forgiven in this manner would suffer damages if the interest accruing on their loans was improperly capitalized.

## LEGAL ARGUMENT

DOE makes only one substantive legal argument in defense of the interest capitalization practice at issue. DOE argues that the way it capitalizes interest is permitted by 34 C.F.R. § 685.202(b)(4). Plaintiff anticipated this argument and discussed it at length at pages 6-10 of her memorandum in support of plaintiff's motion for partial summary judgment. The arguments made on those pages in support of partial summary judgment for the plaintiff are applicable here and summary judgment for the defendant should be denied for the reasons set forth therein.

In making its argument, DOE fails even to mention the language in the form promissory notes concerning interest capitalization. Those notes state that DOE capitalizes interest if "not paid when due." *See* memorandum in support of plaintiff's motion for partial summary judgment at 1, 2, 5, 6, 7, 8-9, 11.

Notwithstanding the language of the promissory notes, DOE reads the word "unpaid" in the regulatory phrase, "the Secretary annually capitalizes unpaid interest" to include all accrued interest, not just interest that is due and payable. As set forth more fully in plaintiff's memorandum in support of her motion for partial summary judgment, this argument fails for at least three reasons. First, DOE's construction creates a direct conflict within the promissory note itself: one term limits interest capitalization to situations in which interest is not paid when due; another term, according to DOE, allows capitalization on June 30 each year of interest not yet due. This is at odds with the principle that a contract should be construed to harmonize its provisions. *See United States v. Insurance Co. of N. Am.*, 83 F.3d 1507, 1511 (D.C. Cir. 1996) (noting the "cardinal principle of contract construction: that a document should be read to give effect to all its provisions") (quoting *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995)).

Second, DOE's construction is at odds with the language of 34 C.F.R. § 685.202(b)(1) and 34 C.F.R. § 685.209(a)(7), both of which state that DOE may capitalize "unpaid accrued interest." DOE's construction of (b)(4) would give the same meaning to "unpaid" as to "accrued," and make 34 C.F.R. § 685.202(b)(1) and 34 C.F.R. § 685.209(a)(7)'s reference to "unpaid accrued interest" redundant and surplusage. Third, thesauruses and case law construe the word "unpaid" to encompass the concept "when due." *See Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993) (holding that "unpaid" wages under FLSA are wages not paid when due).

DOE easily could avoid this conflict while still enforcing 34 C.F.R. § 685.202(b)(4). Nothing in the regulation states that the Secretary must capitalize interest *on June 30* each year. If DOE capitalized accrued interest the borrower had not paid as of her June payment date rather than June 30, then it would only capitalize interest not paid when due. But by choosing June 30,

77876                                    4

a date that has no connection to when interest is due, DOE capitalizes interest before it is due in violation of the form promissory notes and the language of the regulation.

In sum, 34 C.F.R. § 685.202(b)(4) does not grant DOE permission to capitalize interest before it is due. Accordingly, the regulation is not a defense to plaintiff's claims.

## CONCLUSION

For the reasons set forth above, DOE's motion for summary judgment must be denied.

Dated: February 28, 2008

Respectfully submitted,

/s/ Steven M. Sprenger
Steven M. Sprenger (DC No. 418736)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W., Suite 500
Washington, DC 20005
(202) 265-8010

Daniel C. Bryden (MN No. 302284 *Pro Hac Vice*)
SPRENGER & LANG, PLLC
310 Fourth Avenue S., Suite 600
Minneapolis, MN 55415
(612) 871-8910

*Attorneys for Plaintiff and the Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brenda Kay Pfeiffer,<br><br>On behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br>v.<br><br>Margaret Spellings, in her official capacity as United States Secretary of Education, the United States Department of Education, and the United States of America,<br><br>*Defendants.* | Civil No. 1:07-cv-00522 (EGS)<br><br>CLASS ACTION |

**[PROPOSED] ORDER**

Upon consideration of Defendants' Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, and upon all the files and records in this matter, it is **HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **DENIED**.

So **ORDERED** this ____ day of _____, 2008.

_____
Emmet G. Sullivan
United States District Judge

2021419

cc:

John Warshawsky
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street, N.W., Room 10030
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
E-mail: john.warshawsky@usdoj.gov

Steven M. Sprenger
Sprenger & Lang, PLLC
1400 Eye Street N.W.
Suite 500
Washington, DC 20005
Telephone: (202) 772-1160
Facsimile: (202) 332-6652
E-mail: ssprenger@sprengerlang.com

Daniel C. Bryden
Sprenger & Lang, PLLC
310 Fourth Avenue S.
Suite 600
Minneapolis, MN 55415
Telephone: (612) 871-8910
Facsimile: (612) 871-9270
E-mail: dbryden@sprengerlang.com

2021419