IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brenda Kay Pfeiffer, | )<br>)<br>) |
| On behalf of herself and all others similarly situated, | ) Civil No. 1:07-cv-00522 (EGS)<br>)<br>) |
| *Plaintiff*, | ) CLASS ACTION<br>) |
| v. | )<br>) |
| Margaret Spellings, in her official capacity as United States Secretary of Education, the United States Department of Education, and the United States of America, | )<br>)<br>)<br>)<br>) |
| *Defendants*. | )<br>) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

Steven M. Sprenger (DC No. 418736)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W., Suite 500
Washington, DC 20005
(202) 265-8010

Daniel C. Bryden (MN No. 302284 *Pro Hac Vice*)
SPRENGER & LANG, PLLC
310 Fourth Avenue S., Suite 600
Minneapolis, MN 55415
(612) 871-8910

*Attorneys for Plaintiff and the Putative Class*

# TABLE OF AUTHORITIES

## Cases

*Christiansen v. National Sav. & Trust Co.*,
   683 F.2d 520 (D.C. Cir. 1982) ................................................................................ 4

*Cook v. Babbitt*,
   819 F. Supp. 1 (D.D.C. 1993) ............................................................................ 4, 5

*KiSKA Construction Corp., U.S.A. v. Wash. Metropolitan Area Trans. Authority*,
   321 F.3d 1151 (D.C. Cir. 2003) .............................................................................. 5

*Northland Capital Corp. v. Silver*,
   735 F.2d 1421 (D.C. Cir. 1984) .............................................................................. 4

*United States v. Turner*,
   2006 U.S. Dist. LEXIS 46891 (D.D.C. July 12, 2006) ........................................... 4

## Federal Statutes and Regulations

Higher Education Act of 1965,
   20 U.S.C. § 1070 ................................................................................................ 5, 6

Codes of Federal Regulation
   34 C.F.R. § 682.202(g)(1) ........................................................................................ 2
   34 C.F.R. § 682.507(a)(3) ........................................................................................ 2
   34 C.F.R. § 685.102(b) ............................................................................................ 3
   34 C.F.R. § 685.202 ............................................................................................ 5, 6
   34 C.F.R. § 685.202(b) ....................................................................................... 5, 6
   34 C.F.R. § 685.202(b)(1) ........................................................................................ 7
   34 C.F.R. § 685.202(b)(4) .................................................................................... 6, 7
   34 C.F.R. § 685.202(d)(2) ........................................................................................ 3
   34 C.F.R. § 685.202(e)(1) ........................................................................................ 3
   34 C.F.R. § 685.205(a)(6)(ii) ................................................................................... 3
   34 C.F.R. § 685.211(a)(3) ........................................................................................ 3

## Miscellaneous

*Black's Law Dictionary*, p. 538, 8th ed. (2004) ...................................................... 3, 6

**INTRODUCTION**

The parties agree that no genuine issues of material fact as to the meaning of the form promissory note and regulation incorporated therein prevent the grant of summary judgment in this case. The only dispute is over which construction of the note is correct.

DOE's own documents show that plaintiff's construction is correct and that it could capitalize only interest not paid by the scheduled payment or "due" date. Based solely on irrelevant and inadmissible testimony from the plaintiff that DOE baldly distorts, DOE offers an alternative construction of the promissory note premised on the proposition that interest is "due" every day. This construction defies common sense and is at odds with DOE's own use of the word "due." But even if the Court finds both constructions reasonable, the promissory note must be construed against DOE as its drafter. For these and other reasons set forth below, the Court should grant partial summary judgment in favor of plaintiff.

**REPLY TO DEFENDANTS' STATEMENT OF GENUINE ISSUES**

DOE's Statement of Genuine Issues fails to identify any genuine issue as to Plaintiff's Statement of Undisputed Material Facts ("Plaintiff's Statement of Facts"). DOE does not dispute the language of the note, including that it provides that interest may be capitalized if "not paid when due." DOE's Statement of Genuine Issues at ¶ 4. DOE also does not dispute that when a student loan borrower's loan enters repayment, he or she is assigned a "payment due date" of the 7th, 14th, 21st or 28th of each month. *Id.* at ¶ 6. DOE agrees that the borrower's "payment due date" is also referred to by DOE as the "monthly due date" or simply the "due date." *Id.* DOE further does not deny that the billing statements sent to the putative class members inform them their payments are due on the "payment due date." *Id.* DOE's internal documents define the

"payment due date" as "[t]he date during the month when payment of the current due amount must be received." *Id.*

DOE also does not dispute that the interest accruing after a borrower's "payment due date" is not billed or expected to be paid until the next monthly payment due date. *Id.* at ¶ 7. Thus DOE admits that "interest accruing after receipt of a June payment was not required to be paid until the July payment due date. . ." *Id.* at ¶ 12.

The common sense meaning of the phrase "not paid when due" that DOE uses repeatedly in its own documents and regulations, however, is fatal to DOE's defense. Accordingly, DOE takes the position that the interest on the putative class members' student loans was "due when it accrued," *i.e.*, every day. *Id.* As set forth below, *no* facts or law support this position.

### LEGAL ARGUMENT

I. **Plaintiff's Construction of the Promissory Note is Correct and the Note Must be Construed Against DOE.**

The parties agree that the promissory note and the regulation incorporated into it are unambiguous, but the unambiguous meaning is not the one urged by DOE. The promissory note's provision that the DOE may capitalize interest that is "not paid when due" can refer only to interest the borrower did not pay on its payment due date. DOE's own documents repeatedly use the word "due" to refer to the date each month by which periodic payments are scheduled to be made. (Plaintiff's Statement of Facts ¶¶ 6, 7, 12.)

DOE's regulations also reflect unequivocally that the phrase "not paid when due" refers to failure to make a payment by the scheduled date. The regulations thrice use that very phrase. Each time they refer to the scheduled date of an installment payment. 34 C.F.R. § 682.202(g)(1) (authorizing lender to require borrower to pay costs "in collecting installments ***not paid when due***"); 34 C.F.R. § 682.507(a)(3) ("the borrower's delinquency begins on the day after the due

date of an installment payment *not paid when due*"); 34 C.F.R. § 685.202(e)(1) (authorizing DOE to require borrower to pay costs "in collecting installments *not paid when due*") (emphases added).

If these provisions left any doubt, the regulations also use the word "due" repeatedly to refer to the scheduled date of payment. *See, e.g.*, 34 C.F.R. § 685.102(b) (defining "default" as "[t]he failure of a borrower and endorser, if any, to make *an installment payment when due* … provided that this failure persists for 270 days" and defining "on-time" as "a payment made within 15 days of *the scheduled due date*"); *id.* § 685.202(d)(2) (permitting DOE to assess a late charge "if the borrower fails to pay all or a portion of *a required installment payment within 30 days after it is due*"); *id.* § 685.205(a)(6)(ii) (allowing forbearance on payments when "[t]he sum of these payments each month (or a proportional share *if the payments are due less frequently than monthly*) is equal to or greater than 20 percent of the borrower's or endorser's total monthly gross income); *id.* § 685.211(a)(3) (describing changes in "the *due date of the next payment*" when the borrower prepays "any amount in excess of the *amount due*") (emphases added).

Ignoring its own use of the phrase "due," DOE makes two arguments in support of its argument that interest is "due" every day. First, it seeks solace from Black's Law Dictionary. (*Id.* at 10.) However, the dictionary gives two synonyms that have different meanings in the context of this case. DOE emphasizes the synonym "owing" and ignores the words "payable," which focuses on when a payment is due.

To understand which of the synonyms may be appropriate here, it is necessary to put the word "due" into its proper context. The disputed phrase refers to interest that is "not paid when due." The phrase "not paid" refers to payments, and the concepts of "payable" or "receivable," not to liability. Borrowers do not make payments on their student loans every day. The only

time borrowers are expected to make payments on their loans is on the borrower's monthly payment due date.

DOE's second argument attempts to extend Dr. Pfeiffer's testimony that she "owes" the interest that accrues on her loan to mean that the accrued interest is "due." (DOE Mem. at 10.) DOE's reliance on this testimony is misplaced for three reasons. First, Dr. Pfeiffer was asked only if she "owes" the interest that accrues on her loan. She said nothing about when payment is "due." Second, she is not a lawyer, and the legal conclusions stated in her testimony are inadmissible. *Christiansen v. Nat'l Sav. & Trust Co.*, 683 F.2d 520, 529 (D.C. Cir. 1982) (stating the rule that "lay legal conclusions are inadmissible in evidence").

Finally, even if Dr. Pfeiffer subjectively believed that interest was "due" when it accrued, that understanding would be irrelevant. A contract is interpreted according to the objective manifestations of the parties' intent, not according to their subjective beliefs. *See Northland Capital Corp. v. Silver*, 735 F.2d 1421, 1426 n.7 (D.C. Cir. 1984) ("The principle that objective manifestation of intent is controlling in contract formation is very well established."); *United States v. Turner*, 2006 U.S. Dist. LEXIS 46891, at **8-9 (D.D.C. July 12, 2006) ("the court applies an objective standard to the circumstances that allegedly gave rise to an agreement; that is, the claimed subjective belief of the defendant is irrelevant to the analysis"); *Cook v. Babbitt*, 819 F. Supp. 1, 16 (D.D.C. 1993) ("Though the meaning of contracts is based on the parties' intent, it is the objective manifestations of that intent, strictly construed against the drafter, that are determinative--notwithstanding parol evidence of an alternate, subjectively intended meaning.").

DOE has failed to point to any objective evidence that supports its theory that interest is due every day. DOE's own documents conclusively demonstrate that DOE has never considered

payment on the putative class members' loans to be due at any time other than the payment due date. Accordingly, Dr. Pfeiffer is entitled to partial summary judgment.

Even if the Court is persuaded that DOE's position that interest is due every day is reasonable, then partial summary judgment for plaintiff is *still* warranted. If both plaintiff and DOE's interpretations of the promissory note and regulation incorporated into the note are reasonable, then the promissory note is ambiguous. *KiSKA Constr. Corp., U.S.A. v. Wash. Metro. Area Trans. Auth.*, 321 F.3d 1151, 1163 (D.C. Cir. 2003) (holding that if contract is "susceptible to more than one reasonable interpretation, the court must find that the contract is ambiguous as a matter of law.") (quotations omitted). DOE agrees with plaintiff that basic principles of contract construction, including the principle that contractual ambiguities are to be construed against DOE as the drafter of the contract, govern the interpretation of the promissory note. (DOE Brief at 3.) That construction may occur on a motion for summary judgment because, "[i]n this circuit, the interpretation of contracts is considered an issue of law, not fact, and thus cannot preclude summary judgment." *Cook v. Babbitt*, 819 F. Supp. at 15.

The only scenario under which plaintiff's motion for partial summary judgment should be denied is if the promissory note and the regulation unambiguously provide for interest to be due every day. On this record, however, not a single fact or citation to authority supports such a conclusion.

> II. **DOE Failed to Refute Plaintiff's Harmonious Construction of the Promissory Note and 34 C.F.R. § 685.202.**

In arguing that it capitalized interest appropriately, DOE attempts to construe the terms of 34 C.F.R. § 685.202(b) as if it were independent of the promissory note. The note, however, provides that DOE "may add interest that accrues but is not paid when due to the unpaid principal balance of this loan, *as provided under* the [Higher Education Act of 1965, as

amended, 20 U.S.C. § 1070 et seq., and applicable Department of Education regulations.]" (Emphasis added.) The promissory note does not state that the regulations provide additional circumstances, beyond non-payment of interest when due, under which DOE may capitalize interest. Rather, it states that interest "not paid when due" may be capitalized under the circumstances set out in the regulations. Put alternatively, the regulations spell out the circumstances under which interest "not paid when due" will be capitalized.

Given the relationship between the promissory note and the regulations, 34 C.F.R. § 685.202 must be construed in a manner that is consistent with the note. DOE agrees. (DOE Mem. at 4) (admitting that "where possible, contracts should be construed in a fashion that gives meaning to all provisions in the contract").

As discussed in plaintiff's opening brief, 34 C.F.R. § 685.202(b) sets out five circumstances under which DOE may capitalize interest that has not been paid when due. Only one subsection, (b)(4), applies here. It provides that DOE "annually capitalizes **unpaid** interest when the borrower is paying under the … income contingent repayment plan[] and the borrower's scheduled payments do not cover the interest that has accrued on the loan." 34 C.F.R. § 685.202(b)(4) (emphasis added).

Depending on the context, "unpaid interest" may mean "accrued interest, regardless whether payment is due," or it could mean interest "not paid when due." DOE cites to the thesaurus meaning of "unpaid" which, as Blacks' Law Dictionary does for the definition of "due," includes both the concepts of "owed" and "owing" and the concepts of "payable" or "receivable." DOE gives no reason why the Court should adopt its favored definition other than the testimony of Dr. Pfeiffer, which as discussed above, provides no support for DOE's position.

78039                                                              6

Notwithstanding DOE's unsupported desires, there are three different reasons why "unpaid interest" must have the same meaning as "interest not paid when due." First, as described above, the regulations present circumstances under which interest "not paid when due" may be capitalized; accordingly, 34 C.F.R. § 685.202(b)(4) may not go beyond the promissory note and permit capitalization of interest not yet due. That would create a totally unnecessary conflict between the promissory note and the regulation. (*See* Pl. Op. Mem. at 8-9.) Second, as set forth in Dr. Pfeiffer's opening brief, DOE's preferred definition of "unpaid interest" is "accrued interest," but this definition runs afoul of 34 C.F.R. § 685.202(b)(1) and other regulations discussing "unpaid" interest. Section 685.202(b)(1) expresses the general proposition that under certain circumstances "unpaid accrued interest" may be capitalized; if "unpaid" means the same as "accrued," there is no need to use both words. (*Id.* at 9-10.) DOE has not even attempted to respond to any of these first two arguments, presumably because it cannot.

Finally, if the drafters of 34 C.F.R. § 685.202(b)(4) intended it to mean what DOE says it means, they would not have used the language they did. The drafters would have written the regulation to state that DOE "annually capitalizes accrued interest," or better yet, that DOE "annually capitalizes accrued interest on June 30." But the drafters did not use this language because that is not what they intended to convey.

In short, DOE has offered no more in support of its interpretation of 34 C.F.R. § 685.202(b)(4) than it has in support of its interpretation of the promissory note. The note and regulatory subsection should be construed harmoniously in a manner consistent with common usage, the related regulatory sections of which subsection (b)(4) is a part, and DOE's own documents. All of them support the conclusion that DOE may capitalize only interest not paid

78039                                7

by its scheduled due date. DOE's attempt to change the plain language so that "not paid when due" and "unpaid" both mean "accrued" is insupportable.

## CONCLUSION

For the reasons set forth above and in her opening brief, plaintiff's motion for partial summary judgment should be granted.

Dated: March 14, 2008

Respectfully submitted,

 /s/ Steven M. Sprenger
Steven M. Sprenger (DC No. 418736)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W., Suite 500
Washington, DC 20005
(202) 265-8010

Daniel C. Bryden (MN No. 302284 *Pro Hac Vice*)
SPRENGER & LANG, PLLC
310 Fourth Avenue S., Suite 600
Minneapolis, MN 55415
(612) 871-8910

*Attorneys for Plaintiff and the Class*
