IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

BRENDA KAY PFEIFFER,                          )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )      Case No. 1:07-cv-00522
                                              )      (Judge Sullivan)
MARGARET SPELLINGS, Secretary of Education,   )
      et al.,                                 )
                                              )
            Defendants.                       )
                                              )

---

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.      Overview of Defendants' Reply Memorandum

On January 31, 2008, defendants filed their motion for summary judgment in this matter.

Defendants' Motion for Summary Judgment (Jan. 31, 2008) (Dkt. No. 22) ("Def. Motion").  On

February 28, 2008, plaintiff Brenda Kay Pfeiffer ("Dr. Pfeiffer") filed her memorandum in

opposition.  Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary

Judgment (Feb. 28, 2008) (Dkt. No. 29) ("Pl. Opp'n").

For the most part, Dr. Pfeiffer's memorandum in opposition does not address the

arguments raised in our motion for summary judgment, except by reference to her motion for

partial summary judgment.  See Pl. Opp'n at 3 (referring to pages 6-10 of her motion).  Insofar as

we have addressed the arguments raised in Dr. Pfeiffer's motion for partial summary judgment in

our memorandum in opposition to her motion, we will not repeat those arguments here, but we

incorporate them by reference.  See Defendants' Memorandum in Opposition to Plaintiff's

- 1 -

Motion for Partial Summary Judgment at 3-11 (Feb. 28, 2008) (Dkt. No. 27) ("Def. Opp'n").[1]

Dr. Pfeiffer's opposing memorandum makes one additional argument, in which she

challenges defendants' interpretation of the word "unpaid" in 34 C.F.R. § 685.202(b). See Pl.

Opp'n at 4-5; see also Plaintiff's Response to Defendants' Statement of Material Facts as to

Which There are No Genuine Issues to be Tried ¶¶ 22-24 (Feb. 28, 2008) (Dkt. No. 30).  As

explained below, Dr. Pfeiffer's strained interpretation of "unpaid" is inconsistent with the

regulation and common sense.  Indeed, Dr. Pfeiffer's argument makes it clear that defendants'

interpretation provides the only coherent construction of the promissory notes.

II.     Interest is "Unpaid" and "Due" When it is "Owed as a Debt"

In her memorandum in opposition, Dr. Pfeiffer appropriately focuses her arguments on 34

C.F.R. § 685.202(b), as that regulation is controlling in this case.  As we noted in our motion, Dr.

Pfeiffer's promissory notes expressly state that the applicable regulations govern how and when

interest is capitalized:

> [The Department of Education] may add interest that accrues but is
> not paid when due to the unpaid principal balance of this loan, as
> provided under the [Higher Education Act of 1965, as amended, 20
> U.S.C. § 1070 et seq., and applicable Department of Education
> regulations.] This is called capitalization.

E.g., Def. Motion, App. 30 (2001 Form Promissory Note at 4) (emphasis added).  Additionally,

as Dr. Pfeiffer herself argues, the words "due" in her promissory notes and "unpaid" in the

_____

[1]     In summary, our memorandum in opposition to Dr. Pfeiffer's motion
demonstrates that she asks this Court both to ignore the express language of 34 C.F.R.
§ 685.202(b)(1) and (4), which was incorporated in the terms of her promissory notes, and to
misconstrue the term "due" in a manner which is in defiance of the contract's plain language and
is contrary to her own understanding of her contractual obligations, as confirmed by her
deposition testimony.

regulation are synonymous.  <u>See</u> Pl. Opp'n at 4.

From this area of agreement, Dr. Pfeiffer launches a logically inconsistent argument based on her assumption, founded in no argument or authority, that accrued interest is not "due" until the scheduled payment date.  The very authority cited by Dr. Pfeiffer contradicts her assumption, revealing that "unpaid" and "due" are principally defined as "[o]wed as a debt."[2]  <u>See</u> Def. Opp'n at 8-9 & Exhibit I.  As explained in our memorandum in opposition to Dr. Pfeiffer's motion, the construction of "due" as being synonymous with the incurrence of a liability is also consistent with the relevant definition in <u>Black's Law Dictionary</u>, which includes, among its definitions, "Owing or payable; constituting a debt."  <u>Black's Law Dictionary</u> (8th ed. 2004); <u>see</u> Def. Opp'n at 10.  Moreover, this construction comports with Dr. Pfeiffer's own "common sense" understanding.  <u>See</u> Def. Motion at 11-12 (quoting Dr. Pfeiffer's deposition testimony).

The regulation leaves no doubt that "unpaid" and "due" must mean "owed as a debt."  Dr. Pfeiffer asserts that "unpaid" means "not paid on the scheduled payment date," but this interpretation would render 34 C.F.R. § 685.202(b) incoherent.[3]  Subsection (1) states that "[t]he

---

[2]      Dr. Pfeiffer also cites <u>Biggs v. Wilson</u>, 1 F.3d 1537 (9th Cir. 1993), in support of her assumption, but <u>Biggs</u> is inapplicable here.  In <u>Biggs</u>, an employer argued that wages were unpaid for purposes of the Fair Labor Standards Act ("FLSA") only in cases of "nonpayment," as opposed to "late payment."  <u>Biggs</u>, 1 F.3d at 1540.  As the Ninth Circuit reasoned, the FLSA dictated the conclusion that late payment made wages "unpaid" for purposes of the statute.  <u>Id</u>. at 1539-40.  Dr. Pfeiffer is making an entirely different argument, and, as explained below, the applicable regulations dictate the conclusion that "unpaid" and "due" mean "owed as a debt" for purposes of Dr. Pfeiffer's promissory notes.

[3]      Defendants' interpretation is the only reasonable construction of the regulation, but, even if it was susceptible to other interpretations, defendants' construction of their own regulation is entitled to "substantial deference."  <u>Martin v. Occupational Safety & Health Review Comm'n</u>, 499 U.S. 144, 149-151 (1991) (quoting <u>Lyng v. Payne</u>, 476 U.S. 926, 939 (1986)).

Secretary may add unpaid accrued interest to the borrower's unpaid principal balance." 34
C.F.R. § 685.202(b)(1). Because there is no scheduled payment date for a principal balance,
"unpaid principal balance" can only mean the principal balance still owed as a debt. Subsections
(2) and (3) permit the Secretary to capitalize "unpaid interest" at the end of a grace period, 34
C.F.R. § 685.202(b)(2), or at the end of a deferment or forbearance, 34 C.F.R. § 685.202(b)(3).
Again, "unpaid" in these subsections can only mean "owed as a debt"; the very purpose of a
grace period, deferment, or forbearance is that the borrower does <u>not</u> have a scheduled payment
date. <u>See</u> 34 C.F.R. § 685.204(a) (deferment); 34 C.F.R. § 685.205(a) (forbearance); 34 C.F.R.
§ 685.207(b)(2)(iii), (c)(2)(iii) (grace period).

 The structure of the Income Contingent Repayment ("ICR") Plan also makes clear that
"unpaid" and "due" must have this meaning. Because the ICR Plan provides that scheduled
monthly payments are determined based primarily upon a borrower's Adjusted Gross Income –
not the amount of his or her loan, as would be the case in "traditional" repayment plans – a
borrower's scheduled monthly payment may be less than the amount of interest that accrues on
the loan each month. <u>See</u> 34 C.F.R. § 685.209(a) ("Repayment amount calculation"). Only
borrowers whose scheduled payments are less than accruing interest – borrowers with "Negative-
Amortization" loans – are subject to the interest capitalization practices complained of by Dr.
Pfeiffer. Because these borrowers are not contractually obligated to pay all unpaid accrued
interest, they have <u>no date</u> by which they must pay accrued interest that exceeds the amount of
their scheduled monthly payment.[4] Dr. Pfeiffer picks the scheduled payment date – the date by

_____

[4] In fact, as explained in our memorandum in response to Dr. Pfeiffer's motion for
class certification, of the 325,217 ICR Plan borrowers who had loans in a "Negative-
Amortization" condition as of January 31, 2008, 256,247 borrowers – slightly less than 79% –

which <u>only</u> the scheduled payment is required to be paid – and confusingly asserts that, for

purposes of capitalization, this constitutes the date on which all unpaid accrued interest is "due."[5]

Reading "unpaid" and "due" to mean "owed as a debt" eliminates this confusion.

Defendants' construction of the regulation does not, as Dr. Pfeiffer asserts, render any

part of the 34 C.F.R. § 685.202(b) "redundant and surplusage." Pl. Opp'n at 4. Defendants do

not assert that "unpaid" has the same meaning as "accrued." Under defendants' construction,

"accrued interest" is interest that has accrued on the loan; "unpaid accrued interest" is accrued

interest that is still owed as a debt, i.e., that has not yet been paid off. Defendants' construction

gives meaning to every provision and yields a coherent understanding of the entire regulation.

Only Dr. Pfeiffer's strained interpretations create conflicts within the regulation and

between the regulation and the promissory notes. Giving "unpaid" and "due" their primary

definition – "owed as a debt" – gives meaning to the incorporated regulation and all other

provisions of the notes, harmonizes all provisions of the notes, and ultimately yields the only

reasonable construction of the notes.

<u>CONCLUSION</u>

For the foregoing reasons and the reasons set forth in our motion for summary judgment,

---

had a scheduled monthly payment of $0. <u>See</u> Defendants' Memorandum in Response to Plaintiff's Motion for Class Certification and Appointment of Counsel at 3 (Feb. 28, 2008) (Dkt. No. 28). These "zero-payment" borrowers do not have to pay <u>any</u> accrued interest by the scheduled payment date.

[5] Even under other repayment plans, interest cannot reasonably be said to be "due" on the scheduled payment date. Pursuant to 34 C.F.R. § 685.211(a)(1), any payment received is applied first to any charges or costs, then to unpaid accrued interest <u>as of the date the payment is received</u>, then to the principal. The application of a payment to interest depends only on the date the payment is received, not on the scheduled payment date. A <u>payment</u> is delinquent if not paid by the scheduled payment date, but interest is owed as a debt, and is thus due, as it accrues.

- 5 -

defendants respectfully request that this Court enter summary judgment in defendants' favor and against the plaintiff, Dr. Pfeiffer.  Further, in the event the Court certifies a class prior to ruling upon defendants' motion for summary judgment, defendants respectfully request that this Court enter summary judgment in their favor and against any class certified by this Court.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

J. CHRISTOPHER KOHN
Director

ROBERT E. KIRSCHMAN, JR.
Deputy Director


/s/ John Warshawsky
_____
JOHN WARSHAWSKY (D.C. Bar No. 417170)
Senior Trial Counsel
CHRISTIAN J. GROSTIC
Trial Attorney
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 307-0010
Facsimile: (202) 305-4933
Attorneys for Defendants

March 14, 2008

<u>Certificate of Service by ECF</u>

I hereby certify that, on March 14, 2008, the foregoing "DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT" was filed electronically in the Court's Electronic Case Filing ("ECF") system.  I understand that notice of this filing will be sent to all counsel by operation of the Court's ECF system and that parties may access this filing through the Court's system.


/s/ John Warshawsky
_____