IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA KAY PFEIFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-00522 |
| ) | (Judge Sullivan) |
| MARGARET SPELLINGS, Secretary of Education, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's November 14, 2008 Minute Order, defendants Margaret Spellings, the United States Department of Education, and the United States of America file this supplemental brief addressing the applicability of Segar v. Mukasey, 508 F.3d 16 (D.C. Cir. 2007). The Segar decision instructs that a contract is ambiguous only if it is reasonably susceptible of different constructions. Because only defendants' construction gives effect to and renders consistent all contractual provisions at issue, plaintiff Dr. Brenda Kay Pfeiffer's promissory note—the contract at issue—is not ambiguous.

As the Segar court held, "a contract provision 'is not ambiguous merely because the parties later disagree on its meaning.' . . . It is ambiguous only if 'it is reasonably susceptible of different constructions.'" Segar, 508 F.3d at 22 (quoting Bennett Enterprises, Inc. v. Domino's Pizza, Inc., 45 F.3d 493, 497 (D.C. Cir. 1995)). Giving a contract a reasonable construction requires "'that [the] document should be read to give effect to all its provisions and to render them consistent with each other.'" Id. (quoting Mastrobuono v. Shearson Lehman Hutton, Inc.,

514 U.S. 52, 63 (1995)).  A court should not read one provision or another "in isolation but must consider each in the context of the other."  Id.

Importantly, just as the court's task in Segar was to give effect to and render consistent contractual provisions in a footnote and in main text, this Court's task here is to give effect to and render consistent contractual provisions in Dr. Pfeiffer's promissory note, which includes the incorporated regulations.  See, e.g., United States ex rel. Department of Labor v. Insurance Company of North America, 131 F.3d 1037, 1042 (D.C. Cir. 1997) (in construing bond that referred to "applicable regulations," court holds that "[w]hen a contract incorporates a regulation by reference, that regulation becomes a part of the contract for the indicated purposes as if the words of that regulation were set out in full in the contract") (citations omitted).  Dr. Pfeiffer's promissory notes expressly incorporated the applicable regulations:

> Governing Law and Notices
>
> > This Promissory Note (note) applies to Federal Direct Consolidation Loans (Direct Consolidation Loans).  In this note, the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 et seq., and applicable U.S. Department of Education (ED) regulations are referred to as "the Act."  The terms of this note will be interpreted according to the Act and other applicable federal statutes and regulations.

Appendix to Defendants' Motion for Summary Judgment at 30 (2001 Form Promissory Note at 4) (Jan. 31, 2008).  Moreover, Dr. Pfeiffer's promissory notes authorized capitalization and expressly stated that the applicable regulations govern how and when interest is capitalized:

> > [The Department of Education] may add interest that accrues but is not paid when due to the unpaid principal balance of this loan, as provided under the Act.  This is called capitalization.

Id. (emphasis added).

Only the defendants have offered a reasonable construction of the contract that gives effect to all provisions and renders all provisions consistent with each other.  As explained in our memorandum in opposition to Dr. Pfeiffer's motion, the very authority cited by Dr. Pfeiffer establishes that "unpaid" and "due" are principally defined as "[o]wed as a debt."  See Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment at 8-9 & Exhibit I (Feb. 28, 2008 (Dkt. No. 27) ("Def. Opp'n").  This construction of "due" as being synonymous with the incurrence of a liability is also consistent with the relevant definition in Black's Law Dictionary, which includes among its definitions, "Owing or payable; constituting a debt."  Black's Law Dictionary (8th ed. 2004); see Def. Opp'n at 10.  Moreover, this construction comports with Dr. Pfeiffer's own "common sense" understanding.  See Def. Opp'n at 9-10.

Importantly, this construction "makes sense within the context of the document as a whole," Segar, 508 F.3d at 23, including both the text of the promissory note and the incorporated regulations.  The regulatory provision governing capitalization of interest, 34 C.F.R. § 685.202(b), generally authorizes the Secretary to "add unpaid accrued interest to the borrower's unpaid principal balance," 34 C.F.R. § 685.202(b)(1), and specifically authorizes the Secretary to capitalize "unpaid interest" at four times: at the end of a grace period, 34 C.F.R. § 685.202(b)(2), at the end of a deferment or forbearance, 34 C.F.R. § 685.202(b)(3), and annually, for borrowers with loans in a "Negative Amortization" condition, 34 C.F.R. § 685.202(b)(4).  In each of these circumstances, the full amount of accrued interest is not required to be paid at all, much less by a particular date.  Indeed, in a grace period, deferment, or forbearance, borrowers have no scheduled payment dates and are not required to make any payments.  See 34 C.F.R.

§ 685.204(a) (deferment); 34 C.F.R. § 685.205(a) (forbearance); 34 C.F.R. § 685.207(b)(2)(iii), (c)(2)(iii) (grace period). Thus, to give effect to all provisions, render them consistent, and give "a reasonable reading of the contract as a whole," Segar, 508 F.3d at 23, "unpaid" and "due" must be given their principal definition: "owed as a debt."

Dr. Pfeiffer's proffered construction, in contrast, reads one provision "in isolation" without "consider[ing] each in the context of the other." Segar, 508 F.3d at 22. Dr. Pfeiffer asserts that interest is "unpaid" and "not paid when due" when it is not paid on or before the borrower's scheduled payment date, the date on which only the borrower's scheduled payment is required to be paid.[1] Dr. Pfeiffer's construction is not reasonable, however, because her construction negates certain contractual provisions and creates conflicts between others. If interest is considered "unpaid" and "not paid when due" only if not paid by a borrower's scheduled payment date, 34 C.F.R. § 685.202(b)(2) and (3) are rendered without effect, because a borrower in a grace period, deferment, or forbearance has no scheduled payment date. Thus, Dr. Pfeiffer is left to argue that the phrase "not paid when due" in the promissory note conflicts with the word "unpaid" in 34 C.F.R. § 685.202(b), creating a conflict that does not exist under defendants' construction.

Defendants' construction reads the contract as a whole, "'giv[ing] effect to all its provisions and . . . render[ing] them consistent with each other.'" Segar, 508 F.3d at 22 (quoting Mastrobuono, 514 U.S. at 63), while Dr. Pfeiffer's construction reads one phrase "in isolation"

---

[1] By definition, a borrower whose loan is in a "Negative Amortization" condition has a scheduled monthly payment that is less than the amount of interest accruing each month; the full amount of unpaid accrued interest is not requested or required to be paid by the scheduled payment date.

and out of context, id.  Because the contract, including the expressly-incorporated regulations specifying when interest is capitalized, is reasonably susceptible to only one construction, it is not ambiguous.  Accordingly, interpretation of the contract is a question of law for this Court, and summary judgment should be entered for defendants.

        Respectfully submitted,

        GREGORY G. KATSAS
        Assistant Attorney General

        J. CHRISTOPHER KOHN
        Director

        ROBERT E. KIRSCHMAN, JR.
        Deputy Director

        /s/ Christian J. Grostic
        CHRISTIAN J. GROSTIC
        Trial Attorney
        Commercial Litigation Branch
        Civil Division
        P.O. Box 875 - Ben Franklin Station
        Washington, D.C. 20044-0875
        Telephone: (202) 307-3242
        Facsimile: (202) 514-9163
        Attorneys for Defendants

November 21, 2008

Certificate of Service by ECF

I hereby certify that, on November 21, 2008, the foregoing "DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT" was filed electronically in the Court's Electronic Case Filing ("ECF") system. I understand that notice of this filing will be sent to all counsel by operation of the Court's ECF system and that parties may access this filing through the Court's system.

/s/ Christian J. Grostic