IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

BRENDA KAY PFEIFFER,                              )
                                                  )
            Plaintiff,                            )
                                                  )
      v.                                          )        Case No. 1:07-cv-00522
                                                  )        (Judge Sullivan)
MARGARET SPELLINGS, Secretary of Education,       )
      et al.,                                     )
                                                  )
            Defendants.                           )
                                                  )

---

DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL
MEMORANDUM RE: *SEGAR v. MUKASEY*

Plaintiff Dr. Brenda Kay Pfeiffer's efforts to construe *Segar v. Mukasey*, 508 F.3d 16

(D.C. Cir. 2007), in support of her position are unavailing.  Dr. Pfeiffer continues to read one

clause of the promissory note in isolation, ignoring the applicable contractual provisions found in

incorporated regulations.  Dr. Pfeiffer asserts that defendants' construction reads the clause out of

the promissory note, but examined in the context of the contract as a whole, defendants'

construction gives effect to and renders consistent all contractual provisions.  While Dr. Pfeiffer

has repeatedly asked this Court to examine one clause to the exclusion of all else—including the

unavoidable conflicts her interpretation creates—only defendants have offered a coherent

construction of the contract as a whole.

Dr. Pfeiffer asserts that the promissory note's statement that the Secretary "may add

interest that accrues but is not paid when due" must mean that the Secretary may only capitalize

unpaid accrued interest if it is not paid on the scheduled payment date.  Dr. Pfeiffer's argument

turns on her contention that interest is "due" on the borrower's scheduled payment date.  Dr.

- 1 -

Pfeiffer, however, selectively ignores that "due" is susceptible to another construction, a meaning revealed by her own cited authority: "owed as a debt."  See Defs. Supp. Mem. at 3 (Nov. 21, 2008) (Dkt. No. 35).

Dr. Pfeiffer's construction of "due" is not reasonable because it cannot be reconciled with other terms of the contract, the incorporated regulations.[1]  The applicable regulations authorize capitalization of interest in a number of circumstances in which there is no scheduled payment date, including grace periods, deferments, and forbearances.  See 34 C.F.R. § 685.202(b)(2)-(3); Defs. Supp. Mem. at 3-4.  Interest is "due" in those circumstances, even in the absence of a scheduled payment date.  To construe the contract otherwise, as Dr. Pfeiffer suggests, would be to render 34 C.F.R. § 685.202(b)(2)-(3) meaningless, in violation of the "'cardinal principle'" that a contract "'should be read to give effect to all its provisions and to render them consistent with each other.'"  Segar, 508 F.3d at 22 (quoting Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 63 (1995)).  It is only Dr. Pfeiffer's construction of "due," read in isolation and without considering the context of the contract as a whole, that creates conflicts and gives certain provisions no effect.

Dr. Pfeiffer argues that our construction renders one provision meaningless, but she misconstrues our position and, again, selectively ignores the principal definition of "unpaid" and "due" — owed as a debt.  Dr. Pfeiffer asserts that our construction reads the words "but is not

---

[1]     As explained in our supplemental memorandum, the applicable regulations are explicitly incorporated in the contract.  See Defs. Supp. Mem. at 2.  Indeed, the very provision emphasized by Dr. Pfeiffer actually ends with an express statement that the regulations govern how and when interest is capitalized.  App. to Defs.' Mot. for Summ. J. at 30 (2001 Form Promissory Note at 4) ("[The Department of Education] may add interest that accrues but is not paid when due to the unpaid principal balance of this loan, as provided under [the Higher Education Act and applicable regulations.]" (emphasis added)).

paid when due" out of the promissory note, arguing that we equate "unpaid" and "not paid when due" with "accrued" and thereby render the language "surplusage."  See Pl.'s Supp. Mem. at 3 & n.1 (Nov. 21, 2008) (Dkt. No. 36).  As we have previously explained, however, Dr. Pfeiffer mischaracterizes our position.  See Defs. Reply at 5 (Mar. 14, 2008) (Dkt. No. 33).  Under defendants' construction, "accrued interest" is interest that has accrued on the loan; "unpaid accrued interest" and accrued interest "not paid when due" is accrued interest that is still owed as a debt, i.e., that has not yet been paid since it accrued.  See Defs. Reply at 5.  Accrued interest can be paid or unpaid, i.e., it can be paid when due or not paid when due.

Despite Dr. Pfeiffer's assertions, defendants' construction gives effect to all provisions of the contract, including the "not paid when due" clause emphasized by Dr. Pfeiffer.  When a borrower submits a payment, the Secretary must apply the payment first to any charges and costs, then to unpaid accrued interest, and, if any amount remains, then to principal.[2]  34 C.F.R. § 685.211(a)(1).  Interest that later accrues is still "due," i.e., owed as a debt as it accrues, and unless the borrower sends in a later payment, that interest is "not paid when due" and may be annually capitalized by the Secretary, as provided under the applicable regulations.  See 34 C.F.R. § 685.202(b)(1) (permitting the Secretary to "add unpaid accrued interest to the borrower's unpaid principal balance"); 34 C.F.R. § 685.202(b)(4) (stating that the Secretary "annually capitalizes unpaid interest" on loans in a Negative-Amortization condition being repaid

---

[2]     If a borrower submits a payment greater than the unpaid interest that has accrued on the loan, there is no contractual authority for the Secretary to reserve the excess payment to pay interest that later accrues.  Instead, the Secretary must apply the excess payment to pay down the principal balance on the loan, 34 C.F.R. § 685.211(a)(1), which benefits the borrower by reducing the interest that accrues on the loan thereafter.  As we explained at oral argument, even if that interest is later capitalized, the total cost of the loan will be less than if the Secretary had reserved the excess payment to pay interest that later accrued.

under the ICR plan).  Interest that had accrued earlier but was paid by the borrower's payment may not be capitalized.

Thus, defendants' construction gives effect to and renders consistent all provisions of the contract, including the clause emphasized by Dr. Pfeiffer and the incorporated regulations.  Dr. Pfeiffer, in contrast, reads the "but not paid when due" clause in isolation and out of context, then argues that defendants' construction conflicts with that clause; but defendants' construction conflicts only with Dr. Pfeiffer's isolated, out-of-context interpretation and not with the language of the clause itself.  Dr. Pfeiffer has not and cannot offer a reasonable construction of the contract as a whole, one that gives effect to and renders consistent all provisions, including the incorporated regulations.  Because the contract as a whole is reasonably susceptible only to defendants' construction, it is not ambiguous, and summary judgment should be entered for defendants.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

J. CHRISTOPHER KOHN
Director

ROBERT E. KIRSCHMAN, JR.
Deputy Director

  /s/ Christian J. Grostic
CHRISTIAN J. GROSTIC
Trial Attorney
Commercial Litigation Branch
Civil Division
P.O. Box 875 - Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 307-3242
Facsimile: (202) 514-9163
Attorneys for Defendants

December 3, 2008

<u>Certificate of Service by ECF</u>

I hereby certify that, on December 3, 2008, the foregoing "DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM RE: *SEGAR v. MUKASEY*" was filed electronically in the Court's Electronic Case Filing ("ECF") system.  I understand that notice of this filing will be sent to all counsel by operation of the Court's ECF system and that parties may access this filing through the Court's system.

    /s/ Christian J. Grostic